IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STEPHANIE R. GREEN, BRENT FOSTER, TREY PACE, DENNIS COLLINS, and ANDY VANMETER, on Behalf Of Themselves and All Others Similarly Situated, | ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) )  Case No. 09-CV-2380 JAR/JPO |
| HARBOR FREIGHT TOOLS USA, INC., a Delaware Corporation, | ) ) ) ) |
| Defendant. | ) |

## COMPLAINT

The Plaintiffs, Stephanie R. Green, Brent Foster, Trey Pace, Dennis Collins, and Andy VanMeter, on behalf of themselves and all others similarly situated, by and through counsel, Theodore J. Lickteig, state as their Complaint in this action the following:

### PARTIES, JURISDICTION AND VENUE

1.   The Plaintiff, Stephanie R. Green, is and was at all times material hereto was a resident of the State of Missouri.

2.   The Plaintiff, Brent Foster, is and was at all times material hereto was a resident of the State of Kansas.

3.   The Plaintiff, Trey Pace, is and was at all times material hereto was a resident of the state of Missouri.

4. The Plaintiff, Dennis Collins, is and was at all times material hereto was a resident of the state of Nebraska.

5. The Plaintiff, Andy VanMeter, is and was at all times material hereto was a resident of the state of Missouri.

6. The Defendant Harbor Freight Tools USA, Inc (hereinafter "HFT") is a Delaware corporation, is registered to transact business in the State of Kansas, is in good standing with the State of Kansas, and may be served with process through its registered agent, the Corporation Service Company, 200 S.W. 30th Street, Topeka, Kansas 66611.

7. The jurisdiction of this Court is involved pursuant to 28 U.S.C. §§ 1311, 1332 and 1337(a).

8. Venue is properly placed in this District because the Defendant is transacting business in this District and because a substantial part of the events or omissions giving rise to the claim occurred in this District pursuant to 28 U.S.C. § 1391(b)(2) and (3).

9. The amount in controversy is in excess of $75,000, exclusive of interest and costs under 28 U.S.C. § 1332(a)(i).

10. This action is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. as a collective action. The Plaintiff estimates the collection, or class, of employees to be between 350 and 500. Pursuant to 29 U.S.C. § 216(b), the Plaintiff requests the Court on behalf of herself and all others similarly situated, to authorize the sending of opt-in notices concerning this action to the following opt-in collection, or class, of employees:

> Individuals employed by Harbor Freight Tools USA, Inc. and any predecessors from the time period July 20, 2006 to the present with

the title Store Manager, or the like, at any Harbor Freight Tools retail store.

## ALLEGATIONS OF FACT

11. The Plaintiffs hereby incorporate by reference Paragraphs 1 through 10 above as though fully set forth herein.

12. Stephanie R. Green commenced her employment with HFT in 2002 as an Assistant Store Manager at HFT's Independence, Missouri retail store.

13. In 2005, HFT promoted Ms. Green to the position of Store Manager at its Shawnee, Kansas store.

14. Upon her promotion, Ms. Green's compensation changed from an hourly rate to a salary rate.

15. Mr. Foster commenced his employment with HFT in 2000 as a Store Manager.

16. Mr. Pace commenced his employment with HFT in May 2003 as a Store Manager. He worked at HFT's Independence, Missouri store, the Shawnee, Kansas store and the Lincoln, Nebraska store.

17. Mr. Collins commenced his employment with HFT in January 2001 as an Assistant Store Manager at HFT's Davenport, Iowa store.

18. In 2002, HFT promoted Mr. Collins to the position of Store Manager. He worked at HFT's Independence, Missouri store, the Davenport, Iowa, store and the St. Louis, Missouri store.

19. Upon Mr. Collins' promotion, his compensation changed from an hourly rate to a salary rate.

20. Mr. VanMeter commenced his employment with HFT in March 2002 as an Assistant Store Manager at HFT's Springfield, Missouri store.

21. Mr. VanMeter was promoted to the position of Store Manager in 2002. He worked at HFT's Topeka, Kansas store, the Minneapolis, Minnesota store, the West Palm Beach, Florida store, the Orlando, Florida store and the Joplin, Missouri store.

22. HFT operates approximately 329 retail stores nationally. Each retail store has one Store Manager.

23. The Plaintiffs' job duties include running the store's cash register; unloading delivery trucks with merchandise for the store; cleaning aisles and shelves in the store, including the restrooms; stocking store shelves; setting up advertisements; customer service; sales of company product insurance plans; taking products purchased by customers to their vehicles; taking calls for assistance at cash registers; performing tasks on the store's computer; checking store inventory and insuring that the sheets on the clipboards in the communication center related to corporate communications and daily and weekly assignments are completed; setting plan-o-grams; cleaning and organizing the warehouse, pricing product, ordering supplies, counting product, counting money, customer service, managing new hire paperwork, managing safety paperwork, training staff, counseling staff; opening and closing the store; running reports; scanning outs, fining outs and filling outs before 9:00 a.m.; preparing daily deposits; daily paperwork; placing price changes; checking for missing labels and daily corporate tasks; counting the safe; setting-up cashier drawers; writing out daily tasks, including break times for all employees; sending all necessary paperwork to the District Manager; reading and responding to all e-mails; running cash registers; filling customers' orders from stock

room and sales floor; taking manager's calls at registers and on the sales floor; monitoring the total store and selling extended service protection plans.

24. The Plaintiffs typically worked between 60 and 90 hours a week.

25. The Plaintiffs spent from 80 to 90 percent of their time on manual labor tasks.

26. Starting in 2007, HFT has had a policy that if the quantity of designated items in stock, but not on sales' shelves, is above 60 then the store manager must work a minimum daily work shift of 5 a.m. until 5 p.m. until the quantity is below 60.

27. The longest period of consecutive days working from at least 5:00 a.m. until 5:00 p.m. as a minimum daily work shift under the policy by any Plaintiff was two months.

## COUNT I
## FAIR LABOR STANDARDS ACT

37. The Plaintiffs hereby incorporate by reference Paragraphs 1 through 27 above as though fully set forth herein.

38. The Plaintiffs meet the definition of an "employee" within the meaning of 29 U.S.C. § 203(d).

39. The Defendant is an "employer" within the meaning of 29 U.S.C. § 203(e)(1).

40. The Fair Labor Standards Act, 29 U.S.C. § 207(a)(1), requires that covered employees be compensated at one-and-one-half times an employee's regular rate of pay for each hour worked in excess of forty hours in a work week.

41. The Plaintiffs worked in excess of forty hours in a work week, but were not compensated at the applicable overtime rate for those hours.

42.     The Plaintiffs do not fall under any exemption or exception to the overtime rate, including the executive exemption.

43.     The conduct of the Defendant is "willful" within the meaning of 29 U.S.C. § 626(b).

WHEREFORE, the Plaintiffs request that the Court declare and certify that this is a proper collective action pursuant to the Fair Labor Standards Act § 216(b), to enter a judgment for the Plaintiffs and all others similarly situated in excess of $75,000, for unpaid wages and interest, for liquidated damages, for punitive damages, for attorney fees, for expert witness fees, for her costs, and for an order enjoining the Defendant from further violations of 29 U.S.C. § 216(b) and for such other and further relief as the Court may deem just and equitable.

Respectfully submitted,

*/s/ Theodore J. Lickteig*_____
Theodore J. Lickteig
Kan Bar No. 12977
Law Offices of Theodore J. Lickteig
10100 W. 87th Street, Suite 301
Overland Park, Kansas  66212
913-894-1090
tjllawoffice@planetkc.com
*Attorney for Plaintiffs*