# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STEPHANIE R. GREEN, et al., On Behalf Of Themselves and All Others Similarly Situated, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 09-CV-2380 JAR/JPO ) |
| HARBOR FREIGHT TOOLS USA, INC., a Delaware Corporation, | ) ) ) |
| Defendant. | ) |

## ANSWER

Defendant Harbor Freight Tools USA, Inc. ("HFT") answers the Complaint as follows:

1. The Plaintiff, Stephanie R. Green, is and was at all times material hereto was [sic] a resident of the State of Missouri.

**ANSWER: Defendant does not have sufficient information to either admit or deny the allegations in this Paragraph, and Defendant therefore denies the same.**

2. The Plaintiff, Brent Foster, is and was at all times material hereto was [sic] a resident of the State of Kansas.

**ANSWER: Defendant does not have sufficient information to either admit or deny the allegations in this Paragraph, and Defendant therefore denies the same.**

3. The Plaintiff, Trey Pace, is and was at all times material hereto was [sic] a resident of the state of Missouri.

**ANSWER: Defendant does not have sufficient information to either admit or deny the allegations in this Paragraph, and Defendant therefore denies the same.**

4. The Plaintiff, Dennis Collins, is and was at all times material hereto was [sic] a resident of the state of Nebraska.

**ANSWER: Defendant does not have sufficient information to either admit or deny the allegations in this Paragraph, and Defendant therefore denies the same.**

5. The Plaintiff, Andy VanMeter, is and was at all times material hereto was [sic] a resident of the state of Missouri.

**ANSWER: Defendant does not have sufficient information to either admit or deny the allegations in this Paragraph, and Defendant therefore denies the same.**

6. The Defendant Harbor Freight Tools USA, Inc. (hereinafter "HFT") is a Delaware corporation, is registered to transact business in the State of Kansas, is in good standing with the State of Kansas, and may be served with process through its registered agent, the Corporation Service Company, 200 S.W. 30th Street, Topeka, Kansas 66611.

**ANSWER: Defendant admits the allegations in this Paragraph.**

7. The jurisdiction of this Court is involved pursuant to 28 U.S.C. §§ 1311, 1332 and 1337(a).

**ANSWER: This paragraph is a statement of law to which no response is required. To the extent a response is required, Defendant admits this Court has jurisdiction under 28 U.S.C. §§1332 and 1337(a), but denies there is statute captioned 28 U.S.C. § 1311.**

8. Venue is properly placed in this District because the Defendant is transacting business in this District and because a substantial part of the events or omissions giving rise to the claim occurred in this District pursuant to 28 U.S.C. § 1391(b)(2) and (3).

**ANSWER: This paragraph is a statement of law to which no response is required. To the extent a response is required, Defendant denies venue is proper under 28 U.S.C. §1391(b)(2) as to all of the Plaintiffs' purported claims, and that venue is proper as to any of the Plaintiffs' claims under 28 U.S.C. §1391(b)(3).**

9. The amount in controversy is in excess of $75,000, exclusive of interest and costs under 28 U.S.C. § 1332(a)(i).

**ANSWER: Defendant denies the allegations in this Paragraph. Defendant further denies there is a statute captioned 28 U.S.C. §1332(a)(i).**

10. This action is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. as a collective action. The Plaintiff estimates the collection [sic], or class, of employees to be between 350 and 500. Pursuant to 29 U.S.C. § 216(b), the Plaintiff requests the Court on behalf of herself and all others similarly situated, to authorize the sending of opt-in notices concerning this action to the following opt-in collection [sic], or class, of employees:

> Individuals employed by Harbor Freight Tools USA, Inc. and any predecessors from the time period July 20, 2006 to the present with the title Store Manager, or the like, at any Harbor Freight Tools retail store.

**ANSWER: Defendant admits the Plaintiffs intend to pursue their alleged claims under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and that the Plaintiffs intend to ask the Court, under 29 U.S.C. §216(b), to authorize notice to putative plaintiffs about this action. Defendant denies the Plaintiffs have a viable cause of action. Defendant further denies there is a "class" or "collection" of putative plaintiffs. Defendant denies all other allegations in this Paragraph.**

11. The Plaintiffs hereby incorporate by reference Paragraphs 1 through 10 above as though fully set forth herein.

**ANSWER: Defendant reasserts and incorporates by reference its answers and responses to the allegations set forth above.**

12. Stephanie R. Green commenced her employment with HFT in 2002 as an Assistant Store Manager at HFT's Independence, Missouri retail store.

**ANSWER: Defendant admits the allegations in this Paragraph.**

13. In 2005, HFT promoted Ms. Green to the position of Store Manager at its Shawnee, Kansas store.

**ANSWER: Defendant denies the allegations in this Paragraph.**

14. Upon her promotion, Ms. Green's compensation changed from an hourly rate to a salary rate.

**ANSWER: Defendant admits the allegations in this Paragraph.**

15. Mr. Foster commenced his employment with HFT in 2000 as a Store Manager.

**ANSWER: Defendant admits Plaintiff Foster began his employment with Defendant in 2000. Defendant denies the remaining allegations in this Paragraph.**

16. Mr. Pace commenced his employment with HFT in May 2003 as a Store Manager. He worked at HFT's Independence, Missouri store, the Shawnee, Kansas store and the Lincoln, Nebraska store.

**ANSWER: Defendant admits Plaintiff Pace began his employment with Defendant in 2003 and that he worked for Defendant at the locations listed in this Paragraph. Defendant denies the remaining allegations in this Paragraph.**

17. Mr. Collins commenced his employment with HFT in January 2001 as an Assistant Store Manager at HFT's Davenport, Iowa store.

**ANSWER: Defendant admits the allegations in this Paragraph.**

18. In 2002, HFT promoted Mr. Collins to the position of Store Manager. He worked at HFT's Independence, Missouri store, the Davenport, Iowa, store and the St. Louis, Missouri store.

**ANSWER: Defendant admits Plaintiff Collins worked for Defendant at the locations listed in this Paragraph. Defendant denies the remaining allegations in this Paragraph.**

19. Upon Mr. Collins' promotion, his compensation changed from an hourly rate to a salary rate.

**ANSWER: Defendant admits the allegations in this Paragraph.**

20. Mr. VanMeter commenced his employment with HFT in March 2002 as an Assistant Store Manager at HFT's Springfield, Missouri store.

**ANSWER: Defendant admits Plaintiff VanMeter began his employment with Defendant in 2002 as an Assistant Store Manager and that he worked for Defendant at the location listed in this Paragraph. Defendant denies the remaining allegations in this Paragraph.**

21. Mr. VanMeter was promoted to the position of Store Manager in 2002. He worked at HFT's Topeka, Kansas store, the Minneapolis, Minnesota store, the West Palm Beach, Florida store, the Orlando, Florida store and the Joplin, Missouri store.

**ANSWER: Defendant is without knowledge or information sufficient to form a belief about the truth of allegations that Plaintiff VanMeter was promoted to Store Manager in 2002 and that Plaintiff VanMeter worked for Defendant in Minneapolis, Minnesota and West Palm Beach, Florida, and Defendant therefore denies the same. Defendant admits the remaining allegations in this Paragraph.**

22. HFT operates approximately 329 retail stores nationally. Each retail store has one Store Manager.

**ANSWER: Defendant denies the allegations in this Paragraph.**

23. The Plaintiffs' job duties include running the store's cash register; unloading delivery trucks with merchandise for the store; cleaning aisles and shelves in the store, including the restrooms; stocking store shelves; setting up advertisements; customer service; sales of company product insurance plans; taking products purchased by customers to their vehicles; taking calls for assistance at cash registers; performing tasks on the store's computer; checking store inventory and insuring that the sheets on the clipboards in the communication center related to corporate communications and daily

and weekly assignments are completed; setting plan-o-grams; cleaning and organizing the warehouse, pricing product, ordering supplies, counting product, counting money, customer service, managing new hire paperwork, managing safety paperwork, training staff, counseling staff; opening and closing the store; running reports; scanning outs, fining outs and filling outs before 9:00 a.m.; preparing daily deposits; daily paperwork; placing price changes; checking for missing labels and daily corporate tasks; counting the safe; setting-up cashier drawers; writing out daily tasks, including break times for all employees; sending all necessary paperwork to the District Manager; reading and responding to all e-mails; running cash registers; filling customers' orders from stock room and sales floor; taking manager's calls at registers and on the sales floor; monitoring the total store and selling extended service protection plans.

**ANSWER: Defendant admits its Store Managers are responsible for overseeing the performance of various tasks listed in this Paragraph, and it is possible that Store Managers may, from time-to-time perform or assist others with some of these tasks. Defendant denies that the tasks listed in this Paragraph were Store Managers' primary duties. Defendant denies the remaining allegations and inferences in this Paragraph.**

24.     The Plaintiffs typically worked between 60 and 90 hours a week.

**ANSWER: Defendant denies the allegations in this Paragraph.**

25.     The Plaintiffs spent from [sic] 80 to 90 percent of their time on manual labor tasks.

**ANSWER: Defendant denies the allegations in this Paragraph.**

26.     Starting in 2007, HFT has had a policy that if the quantity of designated items in stock, but not on sales' shelves, is above 60 then the store manager must work a minimum daily work shift of 5 a.m. until 5 p.m. until the quantity is below 60.

6

**ANSWER: Defendant denies the allegations in this Paragraph.**

27. The longest period of consecutive days working from at least 5:00 a.m. until 5:00 p.m. as a minimum daily work shift under the policy by any Plaintiff was two months.

**ANSWER: Defendant denies the allegations in this Paragraph.**

37. [sic]The Plaintiffs hereby incorporate by reference Paragraphs 1 through 27 above as though fully set forth herein.

**ANSWER: Defendant reasserts and incorporates by reference its answers and responses to the allegations set forth above.**

38. The Plaintiffs meet the definition of an "employee" within the meaning of 29 U.S.C. § 203(d).

**ANSWER: This paragraph is a statement of law to which no response is required. To the extent a response is required, Defendant admits the Plaintiffs meet the definition of the term "employee" under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, but denies the term "employee" is defined at 29 U.S.C. §203(d).**

39. The Defendant is an "employer" within the meaning of 29 U.S.C. § 203(e)(1).

**ANSWER: This paragraph is a statement of law to which no response is required. To the extent a response is required, Defendant admits it is an "employer" under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, but denies the term "employer" is defined at 29 U.S.C. §203(e)(1).**

40. The Fair Labor Standards Act, 29 U.S.C. § 207(a)(1), requires that covered employees be compensated at one-and-one-half times an employee's regular rate of pay for each hour worked in excess of forty hours in a work week.

**ANSWER: This paragraph is a statement of law to which no response is required. To the extent a response is required, Defendant admits that the Plaintiffs accurately summarize the law as set forth at 29 U.S.C. §207(a)(1).**

41. The Plaintiffs worked in excess of forty hours in a work week, but were not compensated at the applicable overtime rate for those hours.

**ANSWER: Defendant denies the allegations in this Paragraph and the allegation or inference that the Plaintiffs were entitled to be compensated at one-and-one-half times their regular rate of pay for each hour worked in excess of forty hours in a work week.**

42. The Plaintiffs do not fall under any exemption or exception to the overtime rate, including the executive exemption.

**ANSWER: Defendant denies the allegations in this paragraph.**

43. The conduct of the Defendant is "willful" within the meaning of 29 U.S.C. § 626(b).

**ANSWER: Defendant denies that any of its acts or omissions violated the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and that Defendant acted "willfully." Defendant further denies the term "willful" is defined under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, at 29 U.S.C. §626(b).**

## AFFIRMATIVE DEFENSES

1. The Plaintiffs' have failed to state claims upon which relief may be granted.

2. The Plaintiffs' claims are barred in whole, or in part, by 29 U.S.C. §255, which is the applicable statute of limitation.

3. Any acts or omissions that may be found to be in violation of the rights afforded under the Fair Labor Standards Act, 29 U.S.C. §201. *et seq.* were not willful, but

8

occurred in good faith, and with reasonable grounds for believing Defendant was in full compliance with the Fair Labor Standards Act, 29 U.S.C. §201. *et seq*. Therefore, the statute of limitations can be no longer than two (2) years under the FLSA, 29 U.S.C. §255.

4. The Plaintiffs' claims are barred in whole, or in part, by the provisions of the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.*, because the Plaintiffs seek to recover damages for activities allegedly worked that were not compensable under the FLSA and were not an integral and indispensable part of their principal activities, including non-compensable activities that were preliminary or postliminary to their principal activities.

5. The Plaintiffs' claims are barred in whole, or in part, because the Plaintiffs seek to recover damages for time allegedly worked that is not compensable under the *de minimis* doctrine.

6. The Plaintiffs' claims are barred in whole, or in part, because the Plaintiffs seek to recover damages for wages that are not compensable under 29 U.S.C. § 207(g).

7. The Plaintiffs' claims are barred in whole, or in part, because the overtime obligations set forth in the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* are inapplicable to Plaintiffs under 29 U.S.C. §213(a)(1).

8. The Plaintiffs may not recover liquidated damages because (1) Defendant and all of its officers, managers, or agents acted in good faith and did not commit any willful violation of any of the provisions of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*; (2) Defendant, and its officers, managers and agents, did not authorize or ratify any willful violation with respect to the Plaintiffs; and (3) the Plaintiffs have failed to plead facts sufficient to support recovery of such damages.

9.  Defendant is entitled to a credit for, or set off against, amounts overpaid to them in the course of their employment.

10. The Plaintiffs' claims are barred in whole, or in part, under 29 U.S.C. §259 because Defendant relied in good faith on, and acted in conformity with, written regulations, orders, and interpretations of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* promulgated by the Secretary of Labor.

11. The Plaintiffs' claims are barred in whole, or in part, by the doctrine of payment because Defendant properly compensated the Plaintiffs for all time worked in accordance with the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*

12. The Plaintiffs' claims are barred for hours allegedly worked by them without Defendant's actual or constructive knowledge.

13. By reason of their own actions and course of conduct, the Plaintiffs are estopped from pursuing their claims.

14. By reason of their own actions and course of conduct, the Plaintiffs have waived the right, if any, to pursue their claims.

15. The Plaintiffs are barred from pursuing some, or all, of their claims or remedies by the doctrine of unclean hands.

16. The Plaintiffs' claims are barred to the extent they have released, or, in the future release, their claims.

17. Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have, or avail itself of, additional affirmative or other defenses.  Defendant reserves the right to assert additional or other defenses if discovery indicates they are appropriate.

Respectfully submitted,

s/ Patrick F. Hulla
Patrick F. Hulla, #16230
Sara B. Anthony, #22142
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
Park Central Plaza
4717 Grand Avenue, Suite 300
Kansas City, MO  64108
816-471-1301
816-471-1303  *(Facsimile)*
patrick.hulla@ogletreedeakins.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

The undersigned certifies that on the 7th day of December 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Theodore J. Lickteig
Law offices of Theodore J. Lickteig
10100 W. 87th Street, Suite 301
Overland Park, KS 66212
(913) 894-1090
tjllawoffice@planetkc.com

**ATTORNEY FOR PLAINTIFFS**

s/ Patrick F. Hulla
**ATTORNEY FOR DEFENDANT**

7967391.1 (OGLETREE)