IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEPHANIE R. GREEN, et al.,
On Behalf of Themselves and All
Others Similarly Situated,

        Plaintiff,

v.

HARBOR FREIGHT TOOLS USA, INC.,
a Delaware Corporation,

        Defendants.

CASE NO. 09-CV-2380 JAR/JPO

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION
FOR PROTECTIVE ORDER AND TO QUASH DEPOSITION NOTICES**

COME NOW the plaintiffs, pursuant to the Scheduling Order (Doc. 19), Fed. R. Civ. P. 26 and 45 (c)(3)(A), and D. Kan. Rule 7.1(a), 26.2 and offer the following memorandum in support of their Motion for Protective Order Regarding Discovery for Opt-In Plaintiffs and to Quash Deposition Notices Opposed by Plaintiffs.

**NATURE OF THE CASE**

Plaintiffs, current and former employees of Harbor Freight Tools USA, Inc., ("Harbor Freight"), allege violations under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), on behalf of themselves and other current and former employees who are similarly situated. Plaintiffs bring their FLSA claims pursuant to the collective action mechanism of 29 U.S.C. § 216(b).

**NATURE OF RELIEF SOUGHT**

Plaintiffs move to quash deposition notices for opt-in plaintiffs Jay Watkins (Doc. 36), Eric Fetes (Doc. 37), Jim Norby (Doc. 38), and William Schwinn (Doc. 39), and for an Order prohibiting further discovery concerning opt-in plaintiffs until (and unless) the Court has granted

conditional certification.[1]  In particular, on February 12, 2009, defendant Harbor Freight served Notices of Deposition requiring five plaintiffs and seven opt-in plaintiffs to appear in Kansas City, Missouri for depositions scheduled to occur between February 23, 2010 and March 24, 2010.  Plaintiffs, as a matter of compromise, had agreed to produce the named-plaintiffs and three of the seven opt-in plaintiffs (Vannatta, Larsen, Leathers), and did so with the caveat that these depositions would either be a part of the ten depositions permitted under Fed. R. Civ. P. 30(a)(2)(A)(i) or part of any representative sampling of opt-in plaintiffs, should the Court order that representative discovery is appropriate.[2]

Pursuant to D. Kan. Rule 26.2, the filing of this motion should stay the depositions at which the motion is directed.  Moreover, the Court should quash the opposed deposition notices and enter a protective order pursuant to Fed. R. Civ. P. 26(b)(2) prohibiting further discovery on opt-in plaintiffs until such time as a decision can be rendered concerning conditional certification.  Plaintiffs do not contend that discovery concerning named plaintiffs is improper.

## FACTUAL BACKGROUND

1. On July 21, 2009, plaintiffs Stephanie Green, Brent Foster, Trey Pace, Dennis Collins, and Andy VanMeter filed a Complaint alleging a collective action pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 201 *et seq.* (Doc. 1).

---

[1] Plaintiffs wish to reserve the opportunity to oppose any future discovery of opt-in plaintiffs should conditional certification be granted, but without knowing the size of the class and what defendant intends to do as far as discovery concerning the putative class members, it is difficult to proffer a compromise or discuss any strains on the parties that wide-ranging discovery may present.

[2] Defendant, however, did not confer with plaintiffs regarding time or date of the depositions for three of the five named plaintiffs and four of the seven opt-in plaintiffs.  Plaintiffs anticipate that defendant will be cooperative in scheduling these depositions, to the extent the Court orders that they take place.

2. Plaintiffs have not filed their Motion for Conditional Certification under Section 216(b), which, pursuant to the Scheduling Order, must be filed by March 15, 2010 and will not be fully ready to rule until the end of April. (Doc. 19)

3. In addition to the five named plaintiffs, to date, over seven additional individuals have "opted-in" by filing consents to join the lawsuit.

4. The opt-in plaintiffs reside in several other states.

5. In several emails, the Rule 26(f) meeting, and the scheduling conference on January 15, the parties conferred regarding discovery directed at opt-in plaintiffs.

6. In an effort to compromise, the plaintiffs agreed to respond to written discovery of the current named and opt-in discovery, as well as to three depositions of the seven opt-in plaintiffs.

7. Aware of the dispute at the scheduling conference, the Court directed the defendant to file its Notices of Deposition on or before February 12, 2010, and for plaintiffs to file their Motion for Protective Order on or before February 16, 2010.

8. On February 8, 2007, Harbor Freight served plaintiffs' counsel with a Notices of Deposition for each and every named plaintiff and opt-in plaintiff to be taken between the dates of February 22, 2010 and March 23, 2010.

9. Plaintiffs seek to quash the opposed deposition notices for opt-in plaintiffs and a protective order from any further discovery of the opt-in plaintiffs until the Court decides the issue of conditional certification.

**ARGUMENT AND AUTHORITIES**

The Court should grant plaintiffs' motion for protective order quashing the opposed deposition notices and prohibiting further discovery on opt-in plaintiffs until the conditional certification has been granted. Discovery concerning and depositions of any opt-in plaintiffs in a collective action is inappropriate when the issue of conditional certification has not been decided. A decision regarding the scope of discovery concerning opt-in plaintiffs following first-stage certification cannot be made until the size of the putative class can be evaluated. Therefore, to the extent that the Court permits discovery of opt-in plaintiffs, it should be restricted to that which plaintiffs have already agreed and to the named plaintiffs.[3]

**A.   Discovery for opt-in plaintiffs is not proper prior to conditional certification.**

The Tenth Circuit follows a two-step ad hoc approach to certification for a collective action. *See Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095 (10th Cir. 2001). Under the ad hoc method, "a court typically makes an initial 'notice stage' determination of whether plaintiffs are 'similarly situated." *Id* at 1102. This initial determination "require[s] nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Id.* This standard is lenient. *See Williams v. Sprint/United Mgmt. Co.*,

---

[3] The FLSA provides that "[a]ny employer who violates [the overtime provisions of the Act] shall be liable to the employee *or employees* affected in the amount of their . . . unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 207(a)(1) (emphasis added). More specifically, the FLSA expressly authorizes employees to bring a collective action: "An action to recover the liability prescribed [for unpaid overtime compensation] may be maintained against any employer in any Federal or State court of competent jurisdiction *by any one or more employees for and on behalf of himself or themselves and other employees similarly situated.*" 29 U.S.C. § 216(b)(emphasis added). The Supreme Court has explained that collective actions are advantageous because they allow plaintiffs to pool their resources and thus lower the individual costs to vindicate their rights. *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989).

222 F.R.D. 483, 485 (D.Kan.2004). Once the court grants conditional certification, notice is issued and putative collective action members can officially join the action. *See id.*[4]

Prior to first-stage certification of a collective action, opt-in plaintiffs cannot be considered parties and therefore discovery should not be permitted before certification. An FLSA collective action is deemed commenced for limitations purposes for the named plaintiff only when he or she has filed both a complaint *and* "a consent to become a party plaintiff." *See* 29 U.S.C. §§ 216(b) and 256(a). The purpose of permitting consents to sue to be filed prior to certification is chiefly related to statute of limitations issues. More specifically, for opt-in plaintiffs in a collective action under Section 216(b), the statute of limitations is not tolled until the date on which the opt-in plaintiff's written consent is filed with the court. *See* 29 U.S.C. § 256; s*ee also*, *e.g.*, *Harkins*, 385 F.3d 1099, 1101 (7th Cir. 2004).[5]

### B.    Defendant Should Not Be Permitted to Flout the Two-Stage Process

It is well-settled that discovery is not necessary to make a preliminary determination of first-stage certification because, at this point, "the Court is not prepared to weigh the evidence." *Geer v. Challenge Financial Investors Corp.*, 2005 WL 2648054, *2 (D.Kan. Oct. 17, 2005).[6] Nonetheless, defendant is attempting to broaden discovery prior to the determination of initial

---

[4] After the parties have completed discovery, the court then makes a second determination, applying a stricter "similarly situated" standard. *See Thiessen*, 267 F.3d at 1102-03 (citation omitted); *Garcia v. Tyson Foods, Inc.*, 255 F.R.D. 678, 685 (D. Kan. 2009).

[5] Once an individual opts in to a FLSA collective action, the statute of limitations is tolled from the date the consent form was filed, but if the court later denies certification of the collective action and dismisses the opt-in plaintiffs, the statute of limitations resumes upon that dismissal.

[6] The court in *Geer* stated, "[i]n considering whether the putative plaintiffs are similarly situated, the Court will only consider the pleadings and affidavits filed by Plaintiff because, at this point, the Court is not prepared to weigh the evidence.") (*citing Brown v. Money Tree Mortgage, Inc.*, 222 F.R.D. 676, 680 (D.Kan. 2004)).

certification. It is improper to attempt to hasten discovery in a collective action as to do so belies the purpose of the two-step process in a collective action. Certainly, the discovery sought by defendant is unnecessary for the legal and factual analysis required at the first stage of certification. *See Hammond v. Lowe's Home Ctrs, Inc.*, 216 F.R.D. 666, 671 (D. Kan. 2003) (discussing that limited pre-certification discovery may be necessary for plaintiffs in connection with *defining the class*).[7]

To the extent that defendant is attempting to by-pass the more lenient standard recognized in the Tenth Circuit and trigger the more rigorous stage-two standard, the District of Kansas has uniformly rejected that approach. *See Renfro v. Spartan Computer Servs., Inc.*,[8] 243 F.R.D. 431, 434-35 (D. Kan. 2007) ("collapsing the first and second stage is not a tactic approved by any court; would skew the burden of proof") (*citing Hammond*, 216 F.R.D. at 671).[9] As such, defendant should be prohibited from improperly forcing premature discovery.

---

[7] When pre-certification discovery has been permitted, it generally is limited to that necessary to defining the proposed class. *See Long v. Landvest Corp.*, No. 04-cv-2025 (Doc. 97), 2006 U.S. Dist. LEXIS 16369, *14-15 (D. Kan. Mar. 31, 2006) ("While the Court has yet to rule on Plaintiffs' motion for provisional certification, that does not mean Plaintiffs are barred from conducting *any* class-wide discovery at this juncture. Courts typically allow pre-certification discovery that relates to, or is necessary for, defining the proposed class, i.e., discovery which seeks 'to identify those employees who may be similarly situated, and who may therefore ultimately seek to opt into the action.'"); *see also Hammond*, 216 F.R.D. at 671 (holding "provisional certification is not necessarily a prerequisite for conducting limited discovery necessary for defining the proposed class" and rejecting defendant's argument that discovery should be limited to employees in the same department or facility, ruling that collective actions "require a broader scope of discovery in order to identify those employees who may be similarly situated").

[8] As counsel for defendant has pointed out to plaintiffs' counsel, he was attorney of record for defendant in *Renfro*.

[9] *Garcia v. Tyson Foods, Inc.*, 255 F.R.D. 678 (D. Kan. 2009) (declining a more rigorous standard for certification because such is not applied until the conclusion of discovery); *Gieseke v. First Horizon Home Loan Corp.*, 408 F. Supp. 2d 1164 (D. Kan. 2006) (declining to consider

The named plaintiffs fully recognize that discovery concerning their claims is appropriate at this stage. Further, because there are numerous plaintiffs and because plaintiffs have compromised by agreeing to (1) answer written discovery to opt-ins, and (2) depositions of three opt-ins, defendant has plenty to discover until such time as a determination of first-stage certification is made.[10]

## CONCLUSION

For the foregoing reasons, plaintiffs respectfully request that the Court grant its Motion for Protective Order Quashing Deposition Notice of Jay Watkins (Doc. 36), Eric Fetes (Doc. 37), Jim Norby (Doc. 38), and William Schwinn (Doc. 39), and for an Order prohibiting further

---

discovery taken at time of stage-one certification determination to convert to stage-two certification standard).

[10] Although there is no dispute that the parties can take discovery of the merits of the claims following notice, the issue is one of scope. As previously indicated, plaintiffs do not believe this issue is ripe. District courts considering the issue of discovery following first-stage certification have come to different conclusions about whether defendants can take individualized discovery of opt-in plaintiffs, or should be restricted to either class discovery representative sampling of the class. In *Geer v. Challenge Financial* Investors, 2007 WL 1341774, *2 (D. Kan. Mary 4, 2007), the district court distinguished some of the cases permitting individualized discovery primarily on the size of the classes, but also distinguished an ADEA pattern and practice of discrimination case, *Williams v. Sprint/United Management Co.*, Case No. 03-2200, 2006 WL 1867471 (D. Kan. June 30, 2006), which permitted individualized discovery, on the ground that the issues in the ADEA case were "by their very nature, factually intensive, [and] unique," unlike the issues as the court saw them. The court also cited the Manual for Complex Litigation, Fourth Edition, as supporting the need to consider limiting depositions in complex cases. *But see*, *Renfro,* 2008 WL 821950 (D.Kan. Mar. 26, 2008) (citing with approval *Williams*' holding that individualized discovery of opt in plaintiffs is permissible). Additionally, parties in FLSA collective actions will seek to bifurcate the liability and damages phases of the trial, as well as discovery when in order to more efficiently address discovery issues in collective actions. *See Metzler v. IBP, Inc*., 127 F.3d 959, 961-62 (10th Cir. 1997); *Nixon v. City of Junction City*, 707 F. Supp. 473, 480 (D. Kan. 1988); *Reich v. IBP, Inc*., 1996 WL 137817, *1 (D. Kan. May 16, 1996).

discovery concerning opt-in plaintiffs until (and unless) the Court has granted conditional certification.

Respectfully submitted,

*/s/ Theodore J. Lickteig*
Theodore J. Lickteig, KS Bar No. 12977
Law Offices of Theodore J. Lickteig
10100 W. 87th Street, Suite 301
Overland Park, Kansas 66212-1846
913-894-1090
tjllawoffice@planetkc.com

*/s/ Amy P. Maloney*
Amy P. Maloney, KS Bar No. 20415
Holman Schiavone, LLC
4600 Madison Avenue, Suite 810
Kansas City, Missouri 64112
816-283-8738
amaloney@hslawlc.com

ATTORNEYS FOR PLAINTIFFS

## **CERTIFICATE OF SERVICE**

I, Amy P. Maloney, hereby certify that a copy of the above and foregoing was sent via electronic transmission on the 16th day of February, 2010 to:

Patrick F. Hulla
Patrick.Hulla@ogletreedeakins.com
Sara B. Anthony
Sara.Anthony@ogletreedeakins.com
Ogletree, Deaks, Nash, Smoak & Stewart, P.C.
4717 Grand Avenue, Suite 300
Kansas City, Missouri 64108
*Attorneys for Defendant*

*/s/ Amy P. Maloney*
