IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STEPHANIE R. GREEN, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 09-2380-JAR/JPO |
| | ) |
| HARBOR FREIGHT TOOLS USA, INC., | ) |
| | ) |
| Defendant. | ) |

**HARBOR FREIGHT'S RESPONSE AND MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER**

Plaintiffs' Motion for Protective Order (Doc. 41) ("Plaintiffs' Motion") is wrong on the facts and wrong on the law concerning discovery directed at opt-in Plaintiffs in a §216(b) collective action. Established law concerning §216(b) collective actions provides that opt-in Plaintiffs are *parties* to whom discovery may lawfully be directed at any stage. Furthermore, the party Plaintiffs to whom Defendant has directed discovery in this §216(b) collective action have all filed consent forms to join the lawsuit, have all been identified by Plaintiffs as Rule 26(a)(1) witnesses, and the Scheduling Order (Doc. 19) otherwise does not bifurcate or place any qualitative or quantitative limits on discovery of this nature. Plaintiffs have not shown, nor can they show, that responding to discovery, including appearing for depositions, constitutes annoyance, embarrassment, oppression, or undue burden or expense, as is necessary to warrant entry of a protective order under Rule 26. The Court should deny Plaintiffs' Motion.

**I.      The opt-in Plaintiffs are parties under § 216(b) and Defendant's discovery directed at them is appropriate at this (and any other) stage.**

Contrary to Plaintiffs' seeming assertions in their Motion, this is not a "representative" action. Rather, every opt-in to this § 216(b) collective action is a *Party* Plaintiff, and not an absent Rule 23 class member. Defendant is entitled to conduct individualized discovery at this time because (a) Section 216(b) and the law of this Circuit allow for individualized discovery, (b) Plaintiffs have cited no case law or other controlling authority to the contrary, and (c) Plaintiffs cannot otherwise meet their burden justifying a protective order under Rule 26(c).

### A.      Defendant is entitled to individualized discovery under the plain language of § 216(b) and the law of this Court.

Plaintiffs pursue their claims as a putative collective action under 29 U.S.C. § 216(b). Unlike Rule 23 cases, there are no "absent parties;" rather, the opt-in Plaintiffs consented to be *parties* to this case, as reflected in the plain language of § 216(b), which provides that filing a consent to join a collective action means the "**employee *shall* be a *party* plaintiff**." (Emphasis added). Notably, **§216(b) makes no distinction regarding an opt-in' Plaintiff's status as a party pre- or post-conditional certification**. Plaintiffs' insinuation that the opt-in Plaintiffs are not parties and/or that § 216(b) actions are "representative" actions completely miss the mark.[1]

#### 1.      *Courts in this very District allow individualized discovery in §216(b) collective actions.*

In *Renfro v. Spartan Computer Servs., Inc.*, the District Court denied plaintiffs' motion for protective order and allowed individualized discovery in an FLSA collective action. No. 06-

---

[1] The Tenth Circuit in *Dolan v. Project Constr. Corp.*, recognized (i) the relevant opt-in language of § 216(b) was titled "Representative Actions *Banned*", (ii) the policies behind § 216(b) actions "are almost diametrically opposed those involved in Rule 23" cases (which proceed on a representative basis), and (iii) § 216(b) actions tend "to discourage collective litigation *by virtue of the requirement of an affirmative act by each plaintiff*." 725 F. 2d 1263, 1266-67 (10th Cir. 1984) (emphasis added), *abrogated on other grounds by Hoffman-LaRoche v. Sperling*, 493 U.S. 165 (1989). Inasmuch as the Tenth Circuit reached these fundamental conclusions when interpreting the legislative intent behind § 216(b), the contrary position advanced by Plaintiffs—that § 216(b) was somehow intended to provide for representative discovery akin to a Rule 23 class action—should be rejected.

2284-KHV, 2008 WL 821950 (D. Kan. March 26, 2008). Specifically, the District Court determined the magistrate judge correctly recognized *Williams v. Sprint/United Mgmt. Co.*, No. 03-2200-JWL, 2006 WL 1867471, at *2 (D. Kan. June 30, 2006) (a case with more than 1,700 opt-in plaintiffs), as persuasive authority regarding. In *Williams*, this Court allowed the defendant-employer to depose opt-in plaintiffs in a collective action, even though it had already deposed **more than 300** plaintiffs. "In such circumstances, defendant has the right to depose these individuals—individuals who are plaintiffs in this action and are seeking damages from defendant." *Id.* (citing *Ashby v. McKenna*, 331 F.3d 1148, 1150 (10th Cir. 2003) ("It seems unfair and abusive for a plaintiff to file a lawsuit and then refuse to make himself available for reasonable questioning regarding his claims.").[2]

In *Renfro*, when determining that defendants were entitled to conduct individualized discovery akin to the discovery served by Defendant in this case, the Court analyzed established case law, including *Williams*, and § 216(b). 2008 WL 821950, at *3. Noticeably absent from Plaintiffs' Motion is any controlling authority or discussion about *Williams*.[3] Furthermore, that *Renfro* and *Williams* were decided post-conditional certification (as opposed to pre-conditional certification) is, in Defendant's view, a distinction without a difference – particularly in light of the plain and unqualified language of §216(b). Just as the Court in *Renfro* rejected plaintiffs' arguments for a limit on individualized discovery, this Court should similarly reject Plaintiffs' arguments in this case.

---

[2] Harbor Freight additionally notes that, as a practical matter, while *Williams* technically was decided post-conditional certification, the Defendant in *Williams* noticed and deposed opt-in plaintiffs before and after conditional certification.

[3] Interestingly, Plaintiffs cite *Williams* for the "lenient" standard governing initial certification determinations, yet inexplicably fail to recognize that *Williams* also dealt squarely with the issues presented in the instant motion. The fact that *Williams* involved an ADEA collective action in no way distinguishes it from this case.

### B. Plaintiffs have cited no case law or other authority that provides discovery may not be directed at the party Plaintiffs at this stage.

During the Scheduling Conference on January 15, 2010, the Court anticipated the parties' briefing about this issue and specifically directed the parties to identify jurisprudence, or other controlling authority that is squarely on point. This, Plaintiffs have not done. Indeed, Plaintiffs have no answer for the plain language of §216(b) or the holdings in *Renfro* and *Williams*. Instead, Plaintiffs (i) attempt an end-run around this authority by citing several, inapposite Rule 23 cases, and (ii) erroneously conclude that a "lenient" standard governing conditional certification makes individualized discovery inappropriate before conditional certification. Ironically, these arguments underscore Defendant's need for, and right to, the requested discovery.

As Plaintiffs note, the Court's initial determination regarding conditional certification focuses on their "substantial allegations" that they were together the victims of a single decision, policy or plan. It is precisely these types of "substantial allegations" that Defendant is entitled to discover *vis a vis* depositions and written discovery. If the requested discovery is delayed, Defendant would be hamstrung in its ability to effectively evaluate, and respond to, Plaintiffs' Motion for Conditional Certification. For this reason alone, Plaintiffs' Motion for Protective Order should be denied.

Moreover, and regarding Plaintiffs' curious assertions that Defendant is attempting to collapse or "bypass" certain purported stages of discovery, Defendant would note that the Court did not establish any stages or phases of discovery under the current Scheduling Order (Doc. 19) and specifically noted, **"The Court agrees with the parties that there is no need to conduct discovery in phases or to bifurcate the issues at this time."** (Doc. 19 at p. 4)(emphasis added). For this reason as well, Plaintiffs' Motion for Protective Order should be denied.

### C.     Plaintiffs have not otherwise met their burden under Rule 26(c).

Rule 26(c) protective orders are only appropriate where a party can demonstrate "good cause … to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). "Once a party has requested discovery, the burden is on the party objecting to show that responding to the discovery is unduly burdensome." *Snowden v. Connaught Lab., Inc.,* 137 F.R.D. 325, 332 (D. Kan. 1991). The **objecting party** has the burden to establish the requested discovery is improper. *Id.* "[D]iscovery should be allowed unless the hardship is unreasonable in light of the benefits to be secured from the discovery." *Snowden*, 137 F.R.D. at 333.

Presently, there are only seven (7) opt-in Plaintiffs. Each of these seven (7) opt-in Plaintiffs filed a Notice of Consent to join this lawsuit and did so several months ago. Importantly, Plaintiffs have identified, and disclosed, **every** opt-in Plaintiff as a Rule 26 witness. Even if the opt-ins were not parties, which they are, they presumably have evidence regarding their claims and Plaintiffs' allegations that they are **all** similarly situated. Plaintiffs have not, and cannot, articulate facts indicating the requested depositions and written discovery of parties plaintiff for depositions, constitutes annoyance, embarrassment, oppression, or undue burden or expense.  Consequently, Plaintiffs Motion for Protective Order should be denied.[4]

---

[4] As a final matter, and in response to Plaintiffs' somewhat unflattering depictions and representations in their Motion concerning Defendant's position and attempts to resolve these issues prior to Plaintiffs filing their Motion, Defendant feels obligated to attach for the Court's review several e-mail exchanges, which Defendant believes shows its good faith efforts to (i) work with Plaintiffs' counsel regarding scheduling the requested depositions, and (ii) articulate Defendant's position regarding the issues involved with discovery directed at all Plaintiffs. (Ex. A).

        Respectfully Submitted,

        s/ Sara B. Anthony
        Patrick F. Hulla, #16230
        Sara B. Anthony, #22142
        OGLETREE, DEAKINS, NASH,
         SMOAK & STEWART, P.C.
        Park Central Plaza
        4717 Grand Avenue, Suite 300
        Kansas City, MO  64108
        816-471-1301
        816-471-1303  *(Facsimile)*
        patrick.hulla@ogletreedeakins.com
        sara.anthony@ogletreedeakins.com

        **ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 18th day of February, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Amy P. Maloney
Holman Schiavone, LLC
4600 Madison, Suite 810
Kansas City, MO  64112
816-283-8738
816-283-8739  *(Facsimile)*
amaloney@hslawllc.com

Theodore J. Lickteig
Law Offices of Theodore J. Lickteig
10100 W. 87th Street, Suite 301
Overland Park, KS  66212
913-894-1090
913-825-9173  *(Facsimile)*
tjllawoffice@planetkc.com

**ATTORNEYS FOR PLAINTIFFS**

        s/ Sara B. Anthony
        **ATTORNEY FOR DEFENDANT**

8265120.1 (OGLETREE)