IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STEPHANIE R. GREEN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 09-2380-JAR |
| ) | |
| HARBOR FREIGHT TOOLS USA, INC., ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

Plaintiffs, who are five current and former employees of defendant Harbor Freight Tools USA, Inc., bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.,* ("FLSA"), alleging that defendant did not pay plaintiffs for overtime hours worked in defendant's retail hardware stores. Plaintiffs purport to bring their claims on behalf of themselves and other current and former employees who are similarly situated, pursuant to the collective-action mechanism of the FLSA, 29 U.S.C. § 216(b). Currently before the court is plaintiffs' motion seeking a protective order quashing deposition notices that defendants have served for four opt-in plaintiffs and further prohibiting discovery concerning opt-in plaintiffs until the court grants conditional certification **(doc. 40)**. For the reasons discussed below, plaintiffs' motion is denied.

Plaintiffs filed suit on July 21, 2009. Since that date, seven additional individuals have "opted-in" as plaintiffs by filing consents to join the suit. While, pursuant to the scheduling order (doc. 19), plaintiffs' motion for conditional certification under Section

216(b) is not due until March 15, 2010, the consents to sue were filed as a means to toll the running of the statute of limitations for each of the individual plaintiffs.[1] On February 12, 2010, defendant served notices of deposition on the five named plaintiffs and seven opt-in plaintiffs. Plaintiffs have agreed to produce the named plaintiffs and three opt-in plaintiffs, but they seek a protective order quashing the depositions of the remaining opt-in plaintiffs until (and unless) the court grants conditional certification.

Whether to enter a protective order is a matter within the court's discretion.[2] Fed. R. Civ. P. 26(c)(1) provides that "[t]he court may, for good cause, issue an order [limiting or forbidding discovery] to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." As the party seeking the protective order, plaintiffs have the burden to show good cause by providing the court "with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."[3] On the record currently before the court, plaintiffs have failed to carry their burden.[4]

---

[1] *See* 29 U.S.C. § 256.

[2] *MGP Ingredients, Inc. v. Mars, Inc.*, 245 F.R.D. 497, 500 (D. Kan. 2007).

[3] *P.S. v. Farm, Inc.*, No. 07-2210, 2009 WL 483236 , at *3 (D. Kan. Feb. 24, 2009) (internal quotation and citation omitted); *see also Reed v. Bennett*, 193 F.R.D. 689, 691 (D. Kan. 2000).

[4] Plaintiffs also cite Fed. R. Civ. P. 45(c)(3)(A) as support for their motion, but that rule is inapposite because defendant did not subpoena the opt-in plaintiffs.

Plaintiffs correctly note that the Tenth Circuit has approved a two-step approach for determining whether plaintiffs are "similarly situated" for the purposes of a Section 216 collective action.[5] At the initial "notice stage," the court "requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan."[6] If this lenient standard is met, the court conditionally certifies the class.[7] Plaintiffs argue that, pursuant to this two-step approach, discovery concerning opt-in plaintiffs "is inappropriate when the issue of conditional certification has not been decided."[8] According to plaintiffs, "defendant is attempting to broaden discovery prior to the determination of initial certification."[9]

The court's experience in FLSA litigation is that, on account of various economic and practical considerations, experienced counsel often *agree* to conduct fairly limited formal discovery during the period before conditional certification. But here, plaintiffs have presented no persuasive authority for their assertion that discovery *must* be limited prior to certification in a way that effectively protects opt-in plaintiffs from being deposed against their will. If anything, the caselaw cited by the parties seems to support permitting defendant

---

[5]*See Thiessen v. General Elec. Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001).

[6]*Id.* at 1102 (internal quotation and citation omitted).

[7]*Williams v. Sprint/United Mgmt. Co.*, 222 F.R.D. 483, 485 (D. Kan. 2004).

[8]Doc. 41 at 4.

[9]*Id*. at 5–6.

to engage in the requested discovery so that it may at least test the veracity of plaintiffs' mere allegation that they are similarly situated victims of a common decision, policy, or plan.[10]

Moreover, plaintiffs have failed to show, as required by Rule 26(c)(1), that a protective order is necessary "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Plaintiffs make the conclusory statement that "conducting numerous depositions on a rushed basis is an undue burden and expense for plaintiffs."[11] However, plaintiffs present no evidence that the *four* depositions at issue (hardly a number that can be described as "numerous") is unduly burdensome. Nothing in the record indicates that defendant is attempting to steamroll plaintiffs by its discovery requests.[12] The court therefore denies plaintiffs' current request for a protective order.

IT IS SO ORDERED.

Dated this 23rd day of February, 2010, at Kansas City, Kansas.

    s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

[10] The court is reluctant to assume that the briefs submitted by the parties canvass all the applicable caselaw. Therefore, the court might not consider today's ruling as having precedential value in future FLSA litigation.

[11] Doc. 45 at 2.

[12] The court notes that defendant should not expect that the court will permit it to re-depose these witnesses if conditional certification is granted.