IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEPHANIE R. GREEN, et al.,
on Behalf of Themselves and All
Others Similarly Situated,

          Plaintiffs,

v.

Harbor Freight Tools USA, INC.,
a Delaware Corporation,

          Defendants.

No. 09-CV-2380 JAR/JPO

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR
MOTION FOR CONDITIONAL CLASS CERTIFICATION AND
NOTIFICATION OF ALL PUTATIVE CLASS MEMBERS**

### INTRODUCTION

Plaintiffs filed a collective action pursuant to the Fair Labor Standards Act (FLSA) and request that a class of employees be conditionally certified. The Plaintiffs' claims arise out of the common policy, plan and business practices of Harbor Freight. Plaintiffs allege that Harbor Freight violated and is violating the FLSA through a policy that required and requires Store Managers to work in excess of forty hours in a work week and by refusing to pay overtime pay of one-and-one-half times their regular rate of pay. In addition, Plaintiffs allege that Harbor Freight deliberately and willfully failed to pay overtime compensation to store managers when it misclassified them as exempt employees.

The similarly situated current and former employees of Harbor Freight have a right under 29 U.S.C. § 216(b) to join this lawsuit and it is unlikely they would know of this right absent notice. Further, because many of these similarly situated employees still work for Harbor Freight they are likely hesitant to file "opt-in" notices without first being advised in a court-

approved notice that they have a right, without fear of reprisal from Harbor Freight, to seek payment for their unpaid work and entitled wages.

Plaintiffs Stephanie Green, Brent Foster, Trey Pace, Dennis Collins, and Andy VanMeter, respectfully move this Court for an Order to conditionally certify a class of all persons formerly and/or presently employed by Harbor Freight as Store Managers during the notice period, and approving the mailing and electronic publishing of notice to all putative class members in the form attached as Exhibit 1. Plaintiffs also move this Court for an Order requiring Harbor Freight to produce a list of all potential class members, including their names, job classifications, last known mailing address, phone number, and e-mail address if known, in an Excel spreadsheet format.

## THE NATURE OF THE CLASS

Plaintiffs seek to certify a group of all similarly situated current and former Store Managers, within the statutory time limits, from July 21, 2006, to the present. The class for the FLSA claims is defined as:

> Individuals employed by Harbor Freight Tools USA, Inc. and any predecessors from the time period July 20, 2006 to the present with the title Store Manager, or the like, at any Harbor Freight Tools retail store.

The nature of Plaintiffs' claim is that Harbor Freight misclassified its Store Managers as exempt employees and routinely required them to perform work in excess of forty hours per week without receiving pay at overtime rates. *See* Complaint, ¶¶ 24 and 41. Plaintiffs also allege that Harbor Freight created through its policy a workplace that required Store Managers to work in excess of forty hours per week. *Id.* at ¶ 26.

Plaintiff Stephanie Green was employed as a Store Manager at Harbor Freight's Shawnee, Kansas store between June 27, 2005 and August 21, 2009. *See* Exhibit 2, ¶1. Plaintiff

2

Brent Foster was employed as a Store Manager at Harbor Freight's Topeka, Kansas store between February 9, 2000 and April 15, 2009. *See* Exhibit 3, ¶1. Plaintiff Trey Pace was employed as a Store Manager at Harbor Freight's Sioux City, Iowa store between March 2008 and February 2009. *See* Exhibit 4, ¶1. Plaintiff Dennis Collins was employed as a Store Manager at Harbor Freight's Omaha, Nebraska store between August 2002 and August 2008. *See* Exhibit 5, ¶1. Plaintiff Andy VanMeter was employed as a Store Manager at Harbor Freight's Minneapolis, Minnesota, West Palm Beach, Florida, Orlando, Florida and Joplin, Missouri stores between September 2002 and April 2009. *See* Exhibit 6, ¶1.

Plaintiffs and other similarly situated Harbor Freight Store Managers were all required to perform similar duties while working for Harbor Freight. *See* Exhibits 2, 3, 4, 5 and 6, ¶¶ 3 and 6. Those duties included:

    a) opening and closing the store;
    b) periodically running the store's cash register;
    c) unloading delivery trucks with merchandise for the store;
    d) store maintenance and cleaning;
    e) stocking store shelves;
    f) checking store inventory;
    g) affixing prices to product;
    h) ordering supplies;
    i) counting money;
    j) managing new hire paperwork;
    k) preparing daily deposits;
    l) preparing daily paperwork;
    m) running reports;
    n) training and counseling staff;
    o) writing out daily tasks for all employees;
    p) insuring daily and weekly assignments are completed;
    q) customer service;
    r) monitoring the total store.

*See* Exhibits 2, 3, 4, 5 and 6, ¶¶ 3 and 6. Plaintiffs and other similarly situated Store Managers spent most of their time performing this sort of nonexempt, manual labor. *See* Exhibits 2, 3, 4, 5

and 6, ¶¶ 3 and 6. Significantly, none of the Store Managers had the sole power to hire or fire employees. *See* Exhibits 2, 3, 4, 5 and 6, ¶¶ 2 and 6.

Plaintiffs' sworn declarations demonstrate that Harbor Freight has created a corporate-wide common policy or plan that requires its Store Managers to perform nonexempt work in excess of forty hours per week without receiving pay at overtime rates. These facts show that Harbor Freight subjected Plaintiffs and other similarly situated Store Managers to a single policy and plan that violates the FLSA's overtime compensation requirements.

## ARGUMENT

### A. CONDITIONAL CERTIFICATION AND COURT SUPERVISED NOTICE IS APPROPRIATE.

Conditional certification and notice are appropriate in this case because all store managers were victim of a single policy or plan to require all store managers to perform unpaid work in excess of forty hours per week in violation of the FLSA. Any employer who violates the provisions of 29 U.S.C. § 201, *et seq*, of the FLSA shall be liable to the employees affected in the amount of unpaid wages, or their unpaid overtime compensation, as the case may be, in additional to equal amounts as liquidated damages. Any employer that violates the provisions of 29 U.S.C. § 215(a)(3) under the FLSA shall be liable for such legal or equitable relief as may be appropriate to effectuate the purpose of Section 215(a)(3) of the FLSA, including without limitation, employment, reinstatement, promotion, and the payment of wages lost in an additional equal amount as liquidated damages.

The FLSA provides that no employee shall be a plaintiff to any such action unless the employee gives consent in writing to become a party and consent is filed in the court in which the action is brought. 29 U.S.C. § 216(b); *Thiessen v. GE Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001); *Boyle v. Barber & Sons, Co.*, No. 03-0574-FJG, 2004 U.S. Dist. LEXIS 29168,

*7 (W.D. Mo. May 21, 2004) ("parties who do not opt-in to a § 216(b) collective action are not bound by the result of that collective action."). As such, a current or former employee of Harbor Freight cannot be bound to the outcome of this case without first filing a written consent with the Court. In order for employees to provide consent and become plaintiffs, however, they must first be notified that such an action is pending. As part of this opt-in process, district courts are authorized to approve notice to potential putative class members of the opportunity to opt-in, thereby providing an efficient and uniform means to process the claims presented in the case. *See Hoffman-La Roche v. Spearling*, 493 U.S. 165 (1989).

**B.    THE TWO-STEP ANALYSIS**

The Tenth Circuit has approved the "two-step" approach, first articulated in *Mooney v. ARAMCO Services Co.*, 54 F.3d 1207 (5th Cir. 1995), to determine whether members of a putative class are similarly situated under the FLSA. *See Thiessen v. GE Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001)). Under this "two-step" approach, a court typically makes an initial "notice stage" determination of whether plaintiffs are "similarly situated." *See Garcia v. Tyson Foods, Inc.*, 255 F.R.D. 678 (D. Kan. 2009) (citing *Thiessen*, 267 F.3d at 1102). The notice stage determines whether a collective action should be certified for purposes of sending notice of the action to potential class members. *Id.* To obtain conditional certification at this stage, a court "require[s] nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Id.*; *see also McCaffrey v. Mortgage Sources, Corp.*, No. 08-2660, 2009 WL 2778085, *2 (D. Kan. Aug. 27, 2009).

The standard for certification at this notice stage is a lenient one that typically results in class certification.[1] *See Brown v. Money Tree Mortgage, Inc.*, 222 F.R.D. 676, 679 (D. Kan.

---

[1] After discovery is completed, "the court then revisits the certification issue and makes a

2004); *see Kautsch*, 504 F. Supp. 2d at 690 ("[t]he 'similarly situated' threshold requires only a modest factual showing."). In part, this lenient standard is employed because "[a]bsent parties in a § 216(b) collective action do not need the same level of protection provided to absent parties in a Rule 23 class action. Instead, parties who do not opt-in to a § 216(b) collective action are not bound by the result of that collective action." *Boyle*, No. 03-0574-FJG, 2004 U.S. Dist. 29168, *7.

At this stage of litigation, courts should not reach the merits of the plaintiffs' claims. *McCaffrey*, No. 08-2660, 2009 WL 2778085, *3; *Gieseke v. First Horizon Home Loan Corp.*, 408 F. Supp. 2d 1164, 1166 (D. Kan. 2006); *Hammond v. Lowe's Home Ctrs., Inc.*, No. 02-2509, 2005 WL 2122642, *2 (D. Kan. 2005); *Geer v. Challenge Financial Investor Corp.*, No. 05-1109-JTM, 2005 WL 2648054, *2 (D. Kan. Oct. 17, 2005) ("at this point, the Court is not prepared to weigh the evidence"). Moreover, "[p]laintiffs need not show that members of the conditionally certified class are *actually* similarly situated. That determination will be made after the close of discovery." *Kautsch*, 504 F. Supp. 2d at 689 (emphasis added). To call a putative class member "similarly situated" the plaintiff need not show that they are "identically situated." *Hyman v First Union Corp.*, 982 F. Supp. 1, 7 (D.D.C. 1997). Further, "courts should conditionally certify the class when the plaintiffs 'have established a colorable basis for their

---

second determination (often prompted by a motion to decertify) of whether the plaintiffs are 'similarly situated' using a stricter standard." *Garcia*, 255 F.R.D. at 685 (citing *Thiessen*, 267 F.3d at 1102-03). During this "second stage" analysis, a court reviews several factors, including the disparate factual and employment settings of the individual plaintiffs; the various defenses available to defendant which appear to be individual to each plaintiff; and fairness and procedural considerations. *Id.* (citing *Thiessen*, 267 F.3d at 1103). *Renfro v. Spartan Computer Servs., Inc.*, 243 F.R.D. 431, 434-35 (D. Kan. 2007) ("collapsing the first and second stage is not a tactic approved by any court; would skew the burden of proof") (citing *Hammond v. Lowe's Home Centers, Inc.*, 216 F.R.D. 666, 671 (D. Kan. Aug. 15, 2003)); *Brown v. Money Tree Mort., Inc.*, 222 F.R.D. 676 (D. Kan. 2004) (same).

claim that a class of similarly situated plaintiffs exist.'" *Kalish v. Hi Tech Institute, Inc.*, No. 04-1440, 2005 WL 1073645, *2 (D. Minn. April 22, 2005) (quoting *Ray v. Motel 6 Operating Ltd.*, 1996 WL 938231, *2 (D. Minn. Mar. 18, 1996)).

In determining whether the Plaintiffs are similarly situated, courts look to the allegations contained in the plaintiffs' complaint and any affidavits or declarations filed by plaintiffs. *See Brown*, 222 F.R.D. at 680; *McCaffrey*, No. 08-2660, 2009 WL 2778085, *3; *Renfro v. Spartan Computer Servs., Inc.*, 243 F.R.D. 431, 432, n.1 (D. Kan. 2007); *Davis v. Novstar Mortgage, Inc.*, 408 F. Supp. 2d. 811, 815 (W.D. Mo. 2005). In *Boyle*, No. 03-0574-FJG, 2004 U.S. Dist. 29168, *5 (W.D. Mo. May 21, 2004), the Court approved conditional certification of a collective action under the FLSA on the basis of one affidavit. In *Robertson v. LTS Management Services, LLC*, 642 F. Supp. 2d 922, 926 (W.D. Mo. 2008), the court approved conditional certification based on five affidavits submitted by the named plaintiffs. Similarly, in *Underwood v. NMC Mort. Corp.*, 245 F.R.D. 720 (D. Kan. 2007), the court approved conditional certification and notice based upon two declarations. *See id.* at 722. Here, Plaintiffs have submitted five declarations all demonstrating that Plaintiffs and other Store Managers were the victims of a plan and policy of Harbor Freight to violate the FLSA. *See* Exhibits 2, 3, 4, 5 and 6. The evidence submitted establishes uniformity in regard to Harbor Freight's common policies, plans and practices with respect to its implementation of labor practices.

As a general matter, "where putative class members are employed in similar positions, the allegation that defendants engaged in a pattern or practice of not paying overtime is sufficient to allege that plaintiffs were together the victims of a single decision, policy or plan." *Renfro*, 243 F.R.D. at 434-35; *see also Underwood*, 245 F.R.D. at 723 (discussing plaintiffs' low

threshold).[2] Here, Plaintiffs have sworn under oath that Harbor Freight failed to pay them and other similarly situated Store Managers overtime pay for nonexempt work done in excess of 40 hours per week, which they regularly performed. *See* Exhibits 2, 3, 4, 5 and 6, ¶¶ 4, 6. Plaintiffs also have gone beyond the minimal requirement of alleging they were victims of single decision, policy or plan and have established that they and other similarly situated Store Managers shared similar job duties. *See* Exhibits 2, 3, 4, 5 and 6, ¶¶ 3, 6. Plaintiffs are also from a diverse geographic area and have all alleged similar treatment without regard to their respective locations. Accordingly, Plaintiffs have demonstrated through substantial allegations that they and other putative class members were victims of a single policy or plan of Harbor Freight to violate the FLSA.

The burden of demonstrating that Plaintiffs are similarly situated has been met for the putative class of Store Managers. Plaintiffs' declarations establish that there is a common plan or practice to employ Store Managers without paying them straight time or overtime. Specifically, all class members (Store Managers) were subject to the same common policy or plan, practice, or environment that required or encouraged them to work over forty hours per week without overtime compensation.

In *Davis*, the Court took note of the fact that several plaintiffs had joined in the case prior to issuance of the notice. 408 F. Supp. 2d at 816. Here, ten Store Managers already have joined the present suit by filing their Notice of Consent to Sue with the Court. This fact strongly suggests the existence of a large putative class of similarly situated Store Managers who desire to opt in. Accordingly, conditional certification and notice are appropriate in this case.

---

[2] Notably, such allegations are considered sufficient despite variations in job duties. *See id.* at 435; *Pivonka v. Bd. of County Comm'rs of Johnson Co., Kan.*, No. 04-2598, 2005 WL 1799208, *4 (D. Kan. July 27, 2005).

C. **THE PROPOSED NOTICE FOR ALL CLASS MEMBERS WHO WERE EMPLOYED BY HARBOR FREIGHT SINCE JULY 15, 2006 IS PROPER.**

The statue of limitations for a willful violation, as Plaintiffs allege, under the FLSA, is three years. *See* 29 U.S.C. §255(a); *see also Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1061 (2d Cir. 1988). Since this case is in the notice stage, and Plaintiffs have alleged that the violations were willful, the three-year statute of limitations applies when determining who should receive notice. *See Kautsch*, 504 F. Supp. 2d at 690 (At the notice stage, "justice is most readily served by notice reaching the largest number of potential plaintiffs. Therefore, any notice sent will assume a three-year statute of limitations." (internal citations omitted)). Harbor Freight has consciously and deliberately failed to properly classify Plaintiffs as non-exempt employees and failed to pay Plaintiffs and other similarly situated Harbor Freight Store Managers overtime compensation for work done in excess forty hours per week. Indeed, Harbor Freight did not require Store Managers to keep accurate time records of time worked. *See* Exhibits 2, 3, 4, 5 and 6, ¶ 5. To date, Harbor Freight has not changed its policy regarding nonpayment of overtime compensation to Store Managers for hours worked in excess of forty hours per week. These acts demonstrate a willful intent to violate the FLSA and its provisions. As such, this Court should authorize notice to all employees who fall within the definition of the collection specialist class from July 15, 2006 to the present date.

## CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully move this Court for an order granting conditional certification for the Store Manager class and requiring Harbor Freight to produce a list of names in an Excel spreadsheet of all Store Managers employed by Harbor Freight throughout the United States from July 15, 2006 to present, which lists their name, last known address, telephone number, e-mail address, if known, and job classification. Plaintiffs

further request this court to approve the attached notices for the respective classes and approve its dissemination by U.S. Mail and electronic form.

                                                   Respectfully submitted,

/s/ *Theodore J. Lickteig*
Theodore J. Lickteig
Kan. Bar No. 12977
Law Offices of Theodore J. Lickteig
10100 W. 87th Street, Suite 301
Overland Park, Kansas 66212-1846
913-894-1090
tjllawoffice@planetkc.com

/s/ *Amy P. Maloney*
Amy P. Maloney
Kan. Bar No. 20415
Holman Schiavone, LLC
4600 Madison Avenue, Suite 810
Kansas City, Missouri 64112
816-283-8738
amaloney@hslawlc.com

ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

I, Amy P. Maloney, hereby certify that a copy of the above and foregoing was sent via electronic transmission on the 15th day of March, 2010 to:

Patrick F. Hulla
Patrick.Hulla@ogletreedeakins.com
Sara B. Anthony
Sara.Anthony@ogletreedeakins.com
Ogletree, Deaks, Nash, Smoak & Stewart, P.C.
4717 Grand Avenue, Suite 300
Kansas City, Missouri 64108
Attorneys for Defendant

                                                   /s/ *Amy P. Maloney*