IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STEPHANIE R. GREEN, et al.,<br>On Behalf of Themselves and<br>All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>v.<br><br>HARBOR FREIGHT TOOLS USA, INC.,<br>a Delaware Corporation,<br><br>    Defendant. | Case No. 09-CV-2380-JAR-JPO |

## MEMORANDUM AND ORDER
## DENYING PLAINTIFFS' MOTION FOR EXTENSION OF TIME AND
## MOTION TO FILE A RESPONSE OUT OF TIME

This matter is before the Court on plaintiffs' Motion for Extension of Time and Motion to File a Response to Motion for Summary Judgment Out of Time (Doc. 89), and Second Motion of Plaintiffs for Extension of Time and Motion to File Response to Motion for Summary Judgment Against Eric Fetes Out of Time (Doc. 94). Both motions seek leave to file a response out of time and for additional time to file such response to defendant's Motion for Summary Judgment on plaintiff Eric Fetes' claim (Doc. 82). Defendant objected to plaintiffs' first motion as well as plaintiffs' second motion. Ruling on the first motion requires the Court to address both motions together.

Defendant filed its summary judgment motion regarding opt-in plaintiff Eric Fetes on July 6, 2010. Plaintiffs' response to the summary judgment motion was due July 27, 2010.[1] After contacting defendant's counsel, who did not agree to an extension, on July 28, 2010,

---

[1] *See* D. Kan. R. 6.1(d)(2) (giving parties twenty-one days to respond to dispositive motions).

plaintiffs' counsel apparently discovered their error, and filed the first motion, on July 28, 2010, stating that they mistakenly relied upon the former district court rules in calculating their response deadline.[2] In their first motion, plaintiffs' counsel requested leave to file a response out of time as well as a fourteen-day extension, or until August 10, 2010, to respond to the pending summary judgment motion. Defendant filed a response, contending that plaintiffs' counsel had not shown excusable neglect. Alternatively, defendant asked the Court to deny plaintiffs' belated request to use Kent Koentopp's deposition testimony in their response brief.

On August 10, before the first motion was fully briefed, plaintiffs filed a second motion, seeking another extension from August 10, 2010 until August 20, 2010, to file a response to the summary judgment motion, and a continuance under Federal Rule of Civil Procedure 56(f) to conduct a deposition in support of their potential response brief. Then, in reply to defendant's objection to their first motion, plaintiffs requested yet a third extension. Although plaintiffs assert that their second motion is "timely filed," the Court notes that plaintiffs' first motion has not yet been granted. Both motions were filed out of time. Thus, the Court must first determine whether plaintiffs have shown excusable neglect.[3]

---

[2] The former rule gave parties twenty-three days to respond.

[3] "The protection afforded by Rule 56(f) is an *alternative* to a response in opposition to summary judgment under 56(e) and is designed to safeguard against a premature or improvident grant of summary judgment." *Pasternak v. Lear Petroleum Exploration, Inc.*, 790 F.2d 828, 833 (10th Cir. 1986) (emphasis in original); *see also Hackworth v. Progressive Cas. Ins. Co.*, 468 F.3d 722, 732 (10th Cir. 2006) (holding that a Rule 56(f) affidavit must be submitted as a direct response to a motion for summary judgment and must be timely). "Where a movant has met the initial burden required for a grant of summary judgment, the opposing party must *either* establish the existence of a triable issue of fact under Fed. R. Civ. P. 56(e) or explain why he cannot present facts to justify his opposition under Rule 56(f)." *Calvert v. Roadway Express Inc.*, 139 F. App'x 10, 12 (10th Cir. 2005) (quoting *Pasternak*, 790 F.2d at 832) (emphasis added). Therefore, like a response, any Rule 56(f) motion that is filed out-of-time must meet the standard for excusable neglect. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 895–97 (1990) (noting that the trial court was not required to consider supplemental affidavits relating to a Rule 56 motion because they were untimely, no proper motion was filed, and there was no showing of excusable neglect); *see also Ashton-Tate Corp. v. Ross*, 916 F.2d 516, 520 (9th Cir. 1990) ("[T]he process of evaluating a summary judgment motion would be flouted if requests for more time, discovery, or the introduction of supplemental affidavits had to be considered even if

Under D. Kan. R. 6.1(a),

> All motions for an extension of time to perform an act required or allowed to be done within a specified time must show: (1) whether there has been prior consultation with other parties and the views of other parties; (2) the date when the act was first due; (3) if prior extensions have been granted, the number of extensions granted and the date of expiration of the last extension; and (4) the cause for the requested extension. Parties must file the motion before the specified time expires. Absent a showing of excusable neglect, the court will not grant extensions requested after the specified time expires.

Excusable neglect is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant.[4] The determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."[5] Perhaps the single most important factor in determining whether neglect is excusable is fault in the delay.[6] Whether the moving party's underlying claim is meritorious should also be taken into consideration.[7] Further, "[a] court may take into account whether the mistake was a single unintentional incident (as opposed to a pattern of deliberate dilatoriness and

---

requested well after the deadline set for the introduction of all information needed to make a ruling has passed.").

[4]*Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 391–92 (1993).

[5]*Id.* at 395; *see also Bishop v. Corsentino*, 371 F.3d 1203, 1206-07 (10th Cir. 2004).

[6]*Jennings v. Rivers*, 394 F.3d 850, 856 n.5 (10th Cir. 2005) (citing *United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004)).

[7]*Id.* at 857 (citing *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444–45 (10th Cir. 1983)).

delay), and whether the attorney attempted to correct his action promptly after discovering the mistake."[8] "'[A] mistake . . . could occur in any [attorney's] office, no matter how well run.'"[9]

Of these various factors, the most critical is the reason, whether the movant is at fault for the delay. In fact, the Tenth Circuit has found that "fault in the delay remains a very important factor—perhaps the most important single factor—in determining whether neglect is excusable."[10] Plaintiffs' reason for failing to file a timely response, or a timely motion for extension of time to respond is counsels' mistake in relying upon outdated local rules that no longer governed the time to respond. The new District Court rules took effect March 17, 2010, more than four months prior to plaintiffs' response deadline in this case. "[I]t is well established that inadvertence, ignorance of the rules, and mistakes construing the rules do not constitute excusable neglect for the purposes of Rule 6(b)."[11] This primary factor weighs heavily against the plaintiffs.[12]

Plaintiffs' counsel offer excuses other than reliance upon the outdated rules:(1) counsel wanted to depose a former district manager in connection with its response brief; (2) this is a potential collective action under the Fair Labor Standards Act and additional time was needed to compile exhibits, do research, and draft a response; (3) plaintiffs have been complying with the

---

[8]*Id.* (citing *Hancock v. Okla. City*, 857 F.2d 1394, 1396 (10th Cir. 1988)).

[9]*Id.* (quoting *Hancock*, 857 F.2d at 1396).

[10]*City of Chanute v. Williams Natural Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994).

[11]*Quigley v. Rosenthal*, 427 F.3d 1232, 1238 (10th Cir. 2005).

[12]*See United States v. Torres*, 372 F.3d 1159, 1163–64 (10th Cir. 2004). In *Torres*, the Tenth Circuit held that there was no excusable neglect when defense counsel confused filing deadlines for civil and criminal appeals. *Id.* at 1163. The Court noted, "defense counsel's misinterpretation of a readily accessible, unambiguous rule cannot be grounds for relief unless '[t]he word "excusable" [is to be] read out of the rule.'" *Id.* at 1163–63 (quoting *Prizevoits v. Indiana Bell Tel. Co.*, 76 F.3d 132, 134 (7th Cir. 1996)).

Court's order on a motion to compel that has required them to review thousands of documents, taking longer than anticipated; and (4) one of plaintiffs' counsel was out of the country for ten days during the month of July. But these other excuses do not pertain to plaintiffs' missing the response deadline; rather they pertain to plaintiffs' alleged need for an extension of time to respond. The Court gives little weight to the fact that one of plaintiffs' attorneys was out of the country for ten days during the response period, as there are two attorneys representing plaintiffs in this case. The Court gives little weight to plaintiffs' explanation that they have been engaged in voluminous document review in compliance with the Court's order on a motion to compel, for "a lawyer's business workload does not establish excusable neglect."[13] These other excuses do not change the Court's finding that the missed deadline was the fault of plaintiffs' counsel.

Although other factors in the analysis of excusable neglect do not weigh so heavily against the plaintiffs, they are insufficient to tip the balance in favor of finding excusable neglect. Plaintiffs underlying claims appear to be meritorious; defendants have filed two summary judgment motions, arguing that specific opt-in plaintiffs are exempt from the overtime requirements of the FLSA. This case is still in the preliminary stages and trial has not yet been set. And, although plaintiffs missed the response deadline by only one day, plaintiffs then filed two motions to extend the response deadline out of time, causing more than one day delay in this proceeding. In any event, missing the deadline by one day as opposed to more than one day is not that critical. For, there is no bright line that divides inexcusable neglect from excusable neglect, based on the degree of miscalculation or error in calculating response deadlines.

Moreover, plaintiffs' untimely attempts to extend the response deadline, if allowed,

---

[13]*See Almond v. Unified School Dist. #501*, 2008 WL 1773863, at * (D. Kan. Apr. 16, 2008) (citing *Stringfellow v. Brown*, 1997 WL 8856, at *2 (10th Cir. 1997)).

would appear to give plaintiffs a strategic advantage in deposing a certain witness before filing the response.  Defendant notes that plaintiffs' counsel has refused to respond to defendant's repeated inquiries about what discovery plaintiffs would need to defend against summary judgment motions on the FLSA overtime exemptions as they apply to "some or all of Plaintiffs' claims."  And although defendant sent this correspondence to plaintiffs in April, and although plaintiffs had three months to conduct discovery on these issues, plaintiffs have refused to correspond with defense counsel.  Notably, after the summary judgment motion was filed, plaintiffs had three weeks to consider the arguments and evidence presented, and only now requests additional time to conduct further discovery.  Defendant persuasively argues that this demonstrates plaintiffs' delay was strategically motivated and absent of good faith.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiffs' Motion for Extension of Time and Motion to File a Response to Motion for Summary Judgment Out of Time (Doc. 89) is **DENIED** as it relates to defendant's July 6, 2010 Motion for Summary Judgment (Doc. 82).  The Second Motion of Plaintiffs for Extension of Time and Motion to File Response to Motion for Summary Judgment Against Eric Fetes Out of Time (Doc. 94) is **MOOT.**

**IT IS SO ORDERED.**

Dated: <u>August 19, 2010</u>

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE