hrk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **STEPHANIE R. GREEN, et al.,** ) <br> On Behalf of Themselves and ) <br> All Others Similarly Situated, ) <br> ) <br>        **Plaintiffs,** ) <br> ) <br> v. ) <br> ) <br> **HARBOR FREIGHT TOOLS USA, INC.,** ) <br> a Delaware Corporation, ) <br> ) <br>        **Defendant.** ) <br> _____) | Case No. 09-CV-2380-JAR-JPO |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiffs' Motion and Incorporated Memorandum in Support of Motion for Approval of Proposed Notice and Consent Form to be Sent to All Putative Class Members (Doc. 105). Defendant responded, indicating no objection to the form or content of the proposed Notice and Consent, but asking the Court (1) to direct plaintiffs not to initiate any other communications with putative plaintiffs other than to send the Notice and Consent in a standard envelope, and (2) to direct plaintiffs not to delay in sending the Notice and Consent after defendant provides the list of putative plaintiffs.

Pursuant to the Fair Labor Standards Act, the Court has the power and duty to ensure timely, accurate and informative notice,[1] yet should not alter plaintiffs' proposed notice unless such alteration is necessary.[2] The Court has reviewed the forms submitted and hereby directs the parties to confer about the following changes, and resubmit the notice and consent forms within

---

[1] *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 172 (1989).

[2] *Renfro v. Spartan Computer Servs., Inc.*, No. 06-2284, 2007 WL 2318889, at *1 (D. Kan. Aug. 10, 2007).

seven (7) days for final approval:

(1) Paragraph 2 of the Notice states that the Opt-In Consent form must be returned "*by* [insert date 90 days from Date of Notice]," but does not explain whether forms must be postmarked by that date or received by that date to be considered timely. The parties are directed to clarify what must be done "by" the date stated in the form in order for a putative plaintiff to participate in this action.

(2) The Notice omits any reference to the case caption or case number that would allow a putative plaintiff to inquire about the case. The parties are directed to include this information in a sentence included within the "Description of the Litigation" section. Furthermore, the case number should be inserted below the case name on the Opt-In Consent Form.

The Court approves the 90-day opt-in period agreed to by the parties. This period shall begin to run once plaintiffs' counsel distributes the notice and consent forms. Finally, plaintiffs' counsel are advised not to initiate other communications with putative plaintiffs beyond that provided in the Notice and Consent forms, unless putative plaintiffs contact plaintiffs' counsel first and consent to further communication.[3] The parties are directed to confer about the above-changes to the Notice and Consent forms and resubmit a final Notice and Consent form to this Court within seven (7) days of this Order. The Court will provide an appropriate date for distribution of the forms to putative plaintiffs at the time it approves the final forms.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiffs' Motion and Incorporated Memorandum in Support of Motion for Approval of Proposed Notice and Consent

---

[3]*See Lima v. Int'l Catastrophe Solutions, Inc.*, 493 F. Supp. 2d 793, 801–02 (E.D. La. 2007) (directing that "[n]either parties nor their counsel may communicate with any potential opt-in plaintiffs during the opt-in period unless the potential plaintiff communicates with them first and consents to further communication").

Form to be Sent to All Putative Class Members (Doc. 105) is **granted in part and denied in part without prejudice.** The parties shall confer and resubmit a final Notice and Consent form within seven days (7) of this Court's Order.

**IT IS SO ORDERED.**

Dated: September 7, 2010

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE