lml

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **STEPHANIE R. GREEN,** *et al.*, ) <br> on Behalf of Themselves and All Others ) <br> Similarly Situated, ) <br> ) <br>     **Plaintiffs,** ) <br> ) <br> v. ) <br> ) <br> **HARBOR FREIGHT TOOLS USA, INC.,** ) <br> ) <br>     **Defendant.** ) <br> _____) | Case No. 09-CV-2380-JAR-JPO |

## MEMORANDUM AND ORDER

Plaintiffs bring this collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), against defendant Harbor Freight Tools ("Harbor Freight"), claiming they were misclassified as exempt from the FLSA's overtime requirements and are owed overtime compensation. This matter is before the Court on Harbor Freight's Motions for Summary Judgment with respect to plaintiffs Gary Fetes (Doc. 82) and Brent Foster (Doc. 87), as well as Motion to Strike Testimony of Kent Koentopp from consideration in Foster's response (Doc. 118). For the reasons explained in detail below, the Court denies Harbor Freight's motions without prejudice to refile.[1]

Plaintiffs Stephanie Green, Brent Foster, Trey Pace, Dennis Collins and Andy VanMeter pursue their claims on their own behalf and on behalf of others who are "similarly situated." On

---

[1]Although the Court denied plaintiffs' request to respond out of time with respect to Gary Fetes (Doc. 102), it is improper for the Court to grant summary judgment merely because it is unopposed; it is the role of the court to ascertain whether the moving party has sufficient basis for judgment as a matter of law. *See Thomas v. Bruce*, 428 F. Supp. 2d 1161, 1163 (D. Kan. 2006) (quoting *E.E.O.C. v. Lady Baltimore Foods, Inc.*, 643 F. Supp. 406, 407 (D. Kan. 1986) (citing *Hibernia Nat'l Bank v. Administracion Ctl. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985))).

August 17, 2010, this Court conditionally certified the following class:

> Individuals employed by Harbor Freight Tools USA, Inc. and any predecessors from the time period three years from the date of the Court's order to the present with the title Store Manager at any Harbor Freight Tools retail store.[2]

On September 15, 2010, the Court approved the parties' proposed Notice and Consent Form and the 90-day opt-in period began to run October 4, 2010.[3] " To date, 74 additional plaintiffs, including Fetes, have filed consents to join this action authorizing the "filing and prosecution of claims" on their behalf against Harbor Freight for the alleged failure to pay "wages and overtime as required under law."

In July 2010, while plaintiffs' motion for conditional certification was still pending, Harbor Freight moved for summary judgment against plaintiffs Fetes and Foster, on the grounds that they are executive employees who are exempt from FLSA overtime requirements. Under the FLSA, the general rule is that any employee who works more than forty hours in a workweek must receive overtime compensation.[4] Employers need not pay overtime, however, if the employee is "employed in a bona fide executive, administrative, or professional capacity" as defined by the regulations promulgated by the Secretary of Labor.[5] While it is the employee's burden to prove that the employer is violating the FLSA,[6] it is the defendant employer's burden to prove that the employee falls within one of these exceptions, all of which are narrowly

---

[2](Doc. 98.)

[3](Doc. 115.)

[4]*See* 29 U.S.C. § 207(a)(1) (2000).

[5]*See id.* § 213(a)(1).

[6]*Archuleta v. Wal-Mart Stores, Inc.*, 543 F.3d 1226, 1233 (10th Cir. 2008) (citing *Christensen v. Harris County*, 529 U.S. 576, 585 (2000)).

2

construed against it.[7] Under the Department of Labor regulations, an employee qualifies for the executive exemption if the employee: (1) is paid a salary not less than $455 per week; (2) has a primary duty of management; (3) regularly directs two or more employees; and (4) has "authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion, or any other change of status of other employees are given particular weight."[8] Plaintiffs respond, in effect, that they were Store Managers in name only and spent the majority of their time performing non-managerial, manual labor.

As set forth in the Order granting conditional certification, the Court undertakes a two-stage review in determining whether a suit may proceed as a collective action under the FLSA.[9] The Court completed the first stage when it determined that certification was proper for purposes of sending notice of the action to potential collective action members, giving them the opportunity to opt-in to the action, and conditionally certifying the class as "similarly situated."[10] In so ruling, this Court joined other judges in this District in declining to consider the individualized nature of factual inquiries regarding whether an employee is exempt until the second stage analysis.[11] During the second stage, which occurs at the conclusion of discovery, a defendant typically files a motion to decertify the collective action.[12] Upon ruling on the motion to decertify, "the court then makes a second determination, utilizing a stricter standard of

---

[7]*Id*. (citing *Chessin v. Keystone Resort Mgmt., Inc.*, 184 F.3d 1188, 1192 (10th Cir. 1999)).

[8]29 C.F.R. § 541.100(a)(1)-(4) (2005).

[9]*Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001).

[10](Doc. 98.)

[11]*Id*. at 11 (collecting cases).

[12]*Thiessen*, 267 F.3d at 1102-03.

3

'similarly situated.'"[13] If the claimants are indeed similarly situated, "the district court allows the representative action to proceed to trial.'"[14] "If the claimants are not similarly situated, the district court decertifies the class, [ ] the opt-in plaintiffs are dismissed without prejudice," and "[t]he class representatives—*i.e.* the original plaintiffs—proceed to trial on their individual claims."[15] In determining whether plaintiffs have satisfied their burden to establish they are similarly situated, "a court reviews several factors, including (1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant which appear to be individual to each plaintiff; [and] (3) fairness and procedural considerations."[16]

Here, Harbor Freight moved for summary judgment while the motion to grant conditional certification was pending, and the class was conditionally certified while the motions for summary judgment were pending. The Court finds that, given the procedural posture of the case, Harbor Freight's motions for summary judgment are premature. Although filed prior to completion of the first stage, Harbor Freight's motions focusing on two plaintiffs come before the Court after conditional certification, but prior to the second stage. At the second stage, the Court must inquire as to whether there exist defenses that need to be litigated on an individual

---

[13]*Id*. at 1103.

[14]*Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90, 90-91 (2003).

[15]*Id*.

[16]*Thiessen*, 267 F.3d at 1103 (internal quotations omitted). *Thiessen* includes a fourth factor, namely, whether plaintiffs made the filings required by the ADEA before instituting suit, which is not applicable to FLSA cases. *See id*.

basis.[17] Indeed, Harbor Freight has indicated it will move to decertify the class, based on its objections to the motion for conditional certification on the grounds that any claim that an employee was misclassified based on the nature of his or her day-to-day job duties will require case-by-case analysis of individual facts and circumstances, and that the factors used to determine the executive exemption will vary between store managers. Thus, it appears to the Court that entertaining the merits of Harbor Freight's exemption defense specific to these two individual plaintiffs will necessarily overlap with issues that should first be decided in the context of whether this case proceeds as a collective action, at the completion of discovery and when plaintiffs will likely counter that they were subject to single decision, policy or plan with respect to Harbor Freight's Store Managers. Moreover, plaintiff Fetes is an opt-in plaintiff; if the Court ultimately decertifies the class, he will be dismissed from the case.

Accordingly, the Court denies Harbor Freight's motions for summary judgment without prejudice to refile, either after or in conjunction with the second stage certification proceedings.[18] In so ruling, the Court notes that the parties are required to submit an updated planning report within fourteen (14) days of the closing of the class notice period,[19] whereupon Magistrate Judge O'Hara will schedule a status conference to establish further deadlines, including second stage certification and other dispositive motions.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant Harbor Freight's

---

[17]*Id.*

[18]Upon further review, to the extent it suggested that defendant's affirmative defenses would be fully considered on the pending motions for summary judgment, the Court amends and clarifies the Order granting conditional certification, and finds that summary judgment on the issue of whether these individual plaintiffs are exempt is premature as set forth above. *See* Doc. 98 at 13 n.41.

[19](Doc. 106.) The class notice period expired on or about January 4, 2011.

Motions for Summary Judgment with respect to Gary Fetes and Brent Foster (Docs. 82, 87) and Motion to Strike (Doc. 118) are DENIED without prejudice.

**IT IS SO ORDERED.**

Dated: <u>January 18, 2011</u>

<u> S/ Julie A. Robinson </u>
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE