IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STEPHANIE R. GREEN, et al., on Behalf of Themselves and All Others Similarly Situated, | |
| Plaintiffs, | No. 09-CV-2380 JAR/JPO |
| v. | |
| HARBOR FREIGHT TOOLS USA, INC., a Delaware Corporation, | |
| Defendant. | |

**PLAINTIFFS' MOTION FOR STAY OF STATUTE
OF LIMITATIONS FOR DISMISSED OPT-INS**

The Plaintiffs, by and through undersigned counsel, request the Court for an Order staying the running of the statute of limitations for the opt-ins whose claims were dismissed without prejudice in the Court's order decertifying the conditional class in this case on August 17, 2012. (Doc. 444)

In support hereof, the Plaintiffs state:

I.   Procedural Posture

The Plaintiffs brought this putative collection action case pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b) against the Defendant and claim they are owed overtime compensation as a result of being misclassified as exempt from the requirement that the employer pay compensation at the mandated overtime rate.

On August 17, 2012, the Court granted the Defendant's motion to decertify the conditionally certified class of workers. (Doc. 444)  In the Memorandum and Order, the claims of the opt-in claimants listed in the Order were dismissed without prejudice. (Doc. 444 at 23 & 24)

II.     Argument and Authorities

1. Stay Guidance

The filing of an opt-in claimant's written consent tolls the statute of limitations on that individual's claims. *Hasken v. City of Louisville,* 234 F.Supp.2d 688, 691 (W.D. Ky. 2002). Ordinarily, a dismissal without prejudice does not toll the statute of limitations. *Beck v. Caterpillar, Inc.,* 50 F.3d 405, 407 (7th Cir. 1995). Although the Court did not specifically address this question in its Memorandum and Order, other courts have entered a stay under these circumstances to protect the interest of the dismissed opt-ins.

In *Smith v. Heartland Automotive Services, Inc.*, 404 F. Supp. 2d 1144, 1155 (D. Minn. 2005), the court granted the defendant's motion to decertify, but stayed its decision for 60 days to permit the opt-in plaintiffs to re-file their claims. *See also Carlson v. C.H. Robinson Worldwide, Inc.*, 2006 WL 2830015 at 11 (D. Minn. 2006, Sept. 26, 2006) (stay of 60 days after class decertified); *Johnson v. TGF Precision Haircutters, Inc.*, 2005 WL 1994286 at 8 (S.D. Texas, Aug. 17, 2005) (stay of 30 days after class decertified); *compare Merriweather v. Southwest Research Inst.*, 2010 WL 5139862 at 1 (S.D. Ind., Dec. 10, 2010) (stay denied because no class ever certified).

2. Prudential Considerations

Among other factors, the Court found in its decertification order that the individualized defenses of Harbor Freight made proceeding on a collective basis unmanageable. (Doc. 444 at 20-22) The "fact intensive nature of the executive exemption analysis" (Doc. 444 at 23) was also a factor. In that vein, counsel must evaluate the potential defenses available against each of the dismissed opt-ins' claims

2

before deciding whether to re-file those claims.[1]  Given that there are 31 opt-in claimants whose claims were dismissed without prejudice, (Doc. 444 at 24) this is not a task that can be performed quickly.

Additionally, Defendant has filed motions for summary judgment against each of the remaining named plaintiff's claims.  Judicial economy, practicality and common sense all suggest that the dismissed opt-ins should receive the benefit of the Court's rulings on those motions.  Further, other districts should not be burdened with administering cases that might be subject to a dispositive motion based on the Court here granting such a motion.  Those other districts, as well as the parties, will be aided – for better or worse -- from the rulings the Court here will make on the motions for summary judgment. The other district courts, counsel, nor the parties stand to gain from plunging forward without rulings from this Court and measuring their impact on the dismissed opt-ins individually.  Moving ahead by filing cases in other districts for the dismissed opt-ins at this stage risks chaos, delay in the other districts and wasteful expenditures of resources.

"Although not without limits, the court's express and inherent powers enable the judge to exercise extensive supervision and control of litigation." Federal Judicial Center, MANUAL FOR COMPLEX LITIGATION, 4th ed, §10.1, p. 8 (2004).  The Plaintiffs request that the stay be effective the same day of the Court's order decertifying the conditional class, August 17, 2012, and that the stay run to 60 days after the Court's ruling on the Defendant's recently filed motions for summary judgment against the claims of the five named Plaintiffs.

---

[1] Counsel recognizes that the opt-in claimants have the right to re-file their individual claims separate and apart from any evaluation made by counsel.

Respectfully submitted,

*/s/ Theodore J. Lickteig*_____
Theodore J. Lickteig
Kan. Bar No. 12977
Law Offices of Theodore J. Lickteig
12760 West 87th Street, Suite 112
Lenexa, Kansas 66215-2878
913-894-1090
tjllawoffice@planetkc.com

Amy P. Maloney
Kan. Bar No. 20415
Matt J. O'Laughlin
Kan. Bar No. 24789
Holman Schiavone, LLC
4600 Madison Avenue, Suite 810
Kansas City, Missouri 64112
816-283-8738
amaloney@hslawlc.com
molaughlin@hslawlc.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I, Theodore J. Lickteig, hereby certify that on the 2nd day of October 2012, I electronically filed the foregoing with the clerk of the court using the CM/ECF system which will send notice of electronic filing to the following:

Patrick F. Hulla
Patrick.hulla@ogletreedeakins.com
Sara B. Anthony
Sara.Anthony@ogletreedeakins.com
M. Katherine Paulus
Katie.paulus@ogletreedeakins.com
Justin M. Dean
Justin.dean@ogletreedeakins.com
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
4520 Main Street, Suite 400
Kansas City, Missouri  64111-1852

*/s/ Theodore J. Lickteig*_____