# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **STEPHANIE R. GREEN,** *et al.***,** ) <br> on Behalf of Themselves and All Others ) <br> Similarly Situated, ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> v. ) <br> ) <br> **HARBOR FREIGHT TOOLS USA, INC.,** ) <br> ) <br> **Defendant.** ) <br> _____ ) | Case No. 09-CV-2380-JAR-JPO |

## MEMORANDUM AND ORDER

Plaintiffs brought this collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), against Defendant Harbor Freight Tools USA, Inc. ("Harbor Freight"), claiming they were misclassified as exempt from the FLSA's overtime requirements and are owed overtime compensation. On August 17, 2012, this Court granted Defendant's motion to decertify the conditionally certified class of workers, and dismissed without prejudice the claims of the thirty-one opt-in claimants.[1] This matter is before the Court on Plaintiffs' Motion for Stay of Statute of Limitations for Dismissed Opt-Ins (Doc. 449). Plaintiffs request that the stay be effective August 17, 2012, and run to sixty (60) days after the Court's ruling on Defendant's pending motions for summary judgment against the claims of the five named Plaintiffs.

An action is commenced under the FLSA when a party files suit, but in the case of a collective action, if a party's name does not appear on the complaint, the action is commenced when that party files his or her written consent to become a party of the collective action.[2] The

---

[1] Doc. 444.

[2] 29 U.S.C. § 256(a), (b).

statute of limitations for a plaintiff in a collective action is tolled after the plaintiff has filed a consent to opt in to the collective action, and begins to run again if the court later decertifies the collective action.[3]  There is no language in the FLSA that provides for tolling the claims of former opt-in plaintiffs following decertification of a collective action.[4]  Thus, Plaintiffs' request is, in effect, a request that the Court equitably toll the statute of limitations to permit the opt-in plaintiffs to refile their individual claims.

Plaintiffs' motion is denied.  The Court agrees with the reasoning of the district court in the recent case of *Eppenscheid, et al. v. DirectSat USA, LLC,* where plaintiffs in a collective action sought a ruling that the court's stay of the case pending an interlocutory appeal after decertification tolled the statute of limitations as to the individual claims of the former opt-in plaintiffs.[5]  The court held that it is "inappropriate for this court to enter a broad order concerning tolling at this stage because the issue of tolling should be addressed by the courts in which those individuals file their lawsuits."[6]  As that court explained,

> plaintiffs are seeking tolling for the benefit of an unknown group of potential plaintiffs who may, in the future, choose to file individual actions, and whose claims may be adversely affected by the normal running of the limitations period.  Under such circumstances, [the court] cannot determine whether tolling would be appropriate.[7]

---

[3] 29 U.S.C. § 216(b).

[4] *Id.*

[5] No. 09-cv-625-bbc, slip op. at 1-2 (W.D. Wis. July 7, 2011).

[6] *Id.* at 2-3 (citing *Puffer v. Allstate Ins. Co.*, 614 F. Supp. 2d 905, 917 (N.D. Ill. 2009) (holding that tolling analysis is "fact-specific" and making "blanket tolling order" is inappropriate); *Radmoanovich v. Combined Ins. Co. of Am.*, 271 F. Supp. 2d 1075, 1079 (N.D. Ill. 2003) (holding that determinations of tolling must be made on case-by-case basis "if and when" individual files lawsuit)).

[7] *Id.*

In the FLSA context, as in others, equitable tolling "permits courts to extend statutes of limitations on a case-by-case basis in order to prevent inequity."[8] Accordingly, it is left to the court in which the dismissed opt-in plaintiffs refile their claims, rather than this Court, to determine whether equity justifies tolling any limitations period.[9]

Moreover, even if the Court deemed it appropriate to determine whether a stay of the decertification order equitably tolled the statute of limitations, it would deny Plaintiffs' request. As previously discussed, the FLSA does not have a so-called "savings statute" tolling the limitations period for opt-ins following decertification. In support of their request that the Court equitably toll the statute of limitations pending ruling on the summary judgment motions, Plaintiffs cite to cases in which district courts have stayed their decertification orders for a limited period of time in order to protect the opt-in plaintiffs' ability to timely file individual actions, often with little or no discussion.[10] Although the Tenth Circuit has not addressed the circumstances in which equitable tolling applies in FLSA cases, it has addressed the doctrine in the context of other statutes, including Title VII, where it applies when there has been "active deception."[11] The Sixth Circuit set forth the following factors to be considered when

---

[8] *Johnson v. Academy Mortg. Co.*, No. 12-CV-276 TS, 2012 WL 3886098, at *1 (D. Utah Sept. 6, 2012).

[9] *See Merriweather v. Sw. Research Inst.*, No. 09-cv-0328-JMS-WGH, 2010 WL 5139862, at *2 (S.D. Ind. Dec. 10, 2010) (where court denied motion for equitable tolling because conditional class was never certified, further concluding that "[i]f the opt-in plaintiffs choose to file individual lawsuits, any questions regarding the statute of limitations should be answered by the courts in which those suits are filed.").

[10] *See, e.g., Beauperthuy v. 24 Hour Fitness USA, Inc.*, 772 F. Supp. 2d 1111, 1134 (N.D. Cal. 2011) ("To avoid prejudice to individual opt-in Plaintiffs who may choose to file their own cases, the Court invokes its equity powers to toll the applicable statute of limitations for 30 days after the entry of this Order."); *Proctor v. Allsups Convenience Stores, Inc.*, 250 F.R.D. 278, 284 (N.D. Tex. 2008) (tolling statute of limitations for opt-in plaintiffs for 30 days); *Smith v. Heartland Automotive Servs.*, 404 F. Supp. 2d 1144, 1155 (D. Minn. 2005) (staying decision granting motion to decertify for 60 days to permit opt-in plaintiffs to refile their claims).

[11] *See Smith v. BNSF Ry. Co.*, 246 F.R.D. 652, 654-55 (D. Kan. 2007) (discussing doctrine in context of FLSA case) (citing *Million v. Frank*, 47 F.3d 385, 389 (10th Cir. 1995)).

determining if the doctrine applies to FLSA claims:

> (1) whether the plaintiffs lacked actual notice of their rights and obligations; (2) whether they lacked constructive notice; (3) the diligence with which they pursued their rights; (4) whether the defendant would be prejudiced if the statute were tolled; and (5) the reasonableness of the plaintiffs' remaining ignorant of their rights.[12]

Plaintiffs do not assert that any opt-in plaintiff who has exercised due diligence or was actively deceived will be barred from filing suit. Indeed, Plaintiffs should have notified the opt-in plaintiffs that the case has been decertified as of August 17, 2012, and that the statute of limitations on their ability to file individual suit is running. Significantly, Plaintiffs did not request the Court stay its decertification order either in their response in opposition to Defendant's motion or in a motion for reconsideration or to alter or amend the order dismissing the opt-in plaintiffs without prejudice. Instead, they filed the instant request nearly six weeks after entry of the decertification order, seeking retroactive relief much broader than that granted in the cases they cite in support of their request, where the courts typically stayed the decertification order for thirty to sixty days contemporaneously with entry of the order.[13] These circumstances do not offer any support for Plaintiffs' request for equitable tolling, and their motion is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiffs' Motion for Stay of

---

[12]*Archer v. Sullivan Cnty., Tenn.*, Nos. 95-5214, 95-5215, 1997 WL 720406, at *3 (6th Cir. Nov. 14, 1997).

[13]*See e.g., Beauperthuy v. 24 Hour Fitness USA, Inc.*, 772 F. Supp. 2d 1111, 1134 (N.D. Cal. 2011) ("To avoid prejudice to individual opt-in Plaintiffs who may choose to file their own cases, the Court invokes its equity powers to toll the applicable statute of limitations for 30 days after the entry of this Order."); *Proctor v. Allsups Convenience Stores, Inc.*, 250 F.R.D. 278, 284 (N.D. Tex. 2008) (tolling statute of limitations for opt-in plaintiffs for 30 days); *Smith v. Heartland Automotive Servs.*, 404 F. Supp. 2d 1144, 1155 (D. Minn. 2005) (staying decision granting motion to decertify for 60 days to permit opt-in plaintiffs to refile their claims).

Statute of Limitations for Dismissed Opt-Ins (Doc. 449) is DENIED.

    **IT IS SO ORDERED.**

Dated: December 14, 2012

                                                    S/ Julie A. Robinson  
                                                    JULIE A. ROBINSON  
                                                    UNITED STATES DISTRICT JUDGE